RICHARD GWINN, plaintiff in error, *vs.* J. J. SMITH, defendant in error.

1. Where the fact exists in the knowledge of the levying officer, that there was no personal property to be found whereon to levy the execution, it is not error in the court to allow him to make the entry *nunc pro tunc.*

2. Where such entry of *nunc pro nunc* is made at the term of the court preceeding.that of the trial, unless the judgment allowing such entry be excepted to at the term when rendered, under section 4254 of the Code, it will not be considered by this court in the bill of exceptions certified at the trial term of the claim case.

3. A mortgagee may purchase the mortgaged land sold under a tax execution, and if the sale be fair, and there be no fraudulent collusion between him and the mortgagor, the sheriff's title to him will be good against a judgment creditor whose lien is older than the mortgage, especially where the tax execution is older than the mortgage.

4. Where, in such case, the mortgagor has had the land set apart as a homestead, and by proceedings in chancery and direction of the chancellor, has mortgaged the same to the mortgagee, and the mortgagee, after his purchase at the sheriff's sale under the tax execution, takes a deed from the mortgagor and his wife, with the approval of the ordinary, to clear away all cloud from his title, he is not estopped on the trial of the claim case from denying title in the mortgagor subsequent to the sheriff's deed.

Return. Execution. Practice in the Supreme Court. Taxes. Mortgage. Estoppel. Before Judge CLARK. Sumter Superior Court. April Term, 1875.

Reported in the opinion.

B. P. HOLLIS; DuPONT GUERRY, for plaintiff in error.

N. A. SMITH, for defendant.

JACKSON, Judge.

Gwinn obtained against Mitchell a judgment, founded on a debt prior to the constitution of 1868, dated in March, 1871. The execution issued thereon was levied on the 24th of May, 1873, upon a tract of land claimed by Smith. On the trial of this. claim, plaintiff introduced his execution, and showed possession in the defendant, Mitchell, since the date of the judgment, and a deed from Mitchell and wife to the claimant

bearing date the 4th of February, 1873, also since the judgment, and thereupon closed his case  The claimant introduced a tax execution against Mitchell, dated the 27th of January, 1872, with a levy upon the land in dispute thereon, and deed from the sheriff, dated the 6th of August, 1872. He also introduced papers showing a homestead set apart to defendant, and proceedings in chancery showing the appointment of defendant as trustee for wife and children, and authority to mortgage the land to claimant, granted by the chancellor, and the mortgage dated the 12th of March, 1872. Claimant also showed that the sale was fair, and explained that he took the deed from Mitchell and wife to settle the mortgage, and to remove the homestead cloud from his title.

1, 2. It was objected to the introduction of the tax execution that the court had permitted the levying officer to make the entry of "no personal property," after its levy and at the last term of the court; and this is the first error assigned. We think the entry *nunc pro tunc* was properly allowed by the court.  It was so expressly ruled by this court in the case of *Hopkins vs. Burch*, 3d *Kelly*, 222. Besides, the entry should have been excepted to when made under the order at the preceding term: Code, section 4254.

3. The court charged the jury that the claimant got a good title from the sheriff, under the sale for taxes, unless fraud and collusion between him and the defendant appeared from the evidence; and this is the second error assigned. We see no error in the charge, nor in the third and last assignment that the verdict is against the law and the testimony.  The mortgagee had as much right as any other person to buy at the sale of the land for taxes, and the tax execution being older than his mortgage, he bought the entire title in that case, even if he would not have done so in any event.  My own opinion is, that he would have bought the whole title subject to the mortgage lien, which was his own, whether the tax *fi. fa.* was older or younger than his mortgage, because, in Georgia the title never passes to the mortgagee, but remains in the mortgagor, the mortgage being a mere security for a debt.

4. Nor do we think there is anything in the idea that the claimant was estopped by taking the subsequent deed from Mitchell and wife, from denying title in Mitchell after the tax sale. He was right in doing so, to settle the mortgage and to remove the homestead cloud from his title. We are clear that the verdict finding for the claimant, and the judgment of the court refusing the new trial are right, and we decline to disturb them.

Judgment affirmed.