## STERLING *v.* PARK.

One who signs, seals, and delivers a deed, though not named therein as a grantor, is still bound as a grantor, and the deed is operative as a conveyance of his estate.

Submitted June 24,—Decided August 15, 1907.

Complaint for land. Before Judge Freeman. Troup superior court. January 26, 1907.

*F. M. Longley,* for plaintiff in error.

*Halton Lovejoy* and *Frank Harwell,* contra.

EVANS, J. The various assignments of error raise but one question: It is essential that a person who signs, seals, and delivers a deed should be mentioned in the body of the deed, to be bound by it, and to make it an operative conveyance of his estate in the land? The case in hand was complaint for land, and one of the plaintiff's muniments of title was a deed in which M. C. Huntley was named as grantor, and R. E. Park as grantee, and which purported to convey, for a valuable consideration, a described lot of land in fee simple. The deed was signed and sealed by M. C. Huntley, W. H. Huntley, and the defendant. Neither W. H. Huntley nor the defendant was named in it as grantor. At the time the deed was executed the title to the land was in M. C. Huntley for life, with remainder to the others who signed the deed. The plaintiff's contention is that the deed is operative and effective as a conveyance of the estate which each maker-signer had in the land; while, on the other hand, the defendant contends that as she was not named in the deed as grantor, it is not an operative conveyance of her estate in remainder.

The point in the case has been before many courts of last resort, and there is much contrariety of opinion on the subject. We believe the true rule to be that one who signs, seals, and delivers a deed, in which he is not named as grantor, is nevertheless bound by these acts as a grantor. We think an examination into the origin and reason of the contrary doctrine will demonstrate the correctness of our conclusion. At common law a deed is defined to be a writing, sealed and delivered by the parties. Coke's Lit. 171; 2 Bl. Com. 295. Lord Coke said: "There have been eight formal or orderly parts of a deed of feofment, viz.: 1 the premises of the deed implied by Littleton; 2 the habendum, whereof Littleton here speaketh; 3 the tenendum, mentioned by Littleton; 4 the reddendum; 5 the clause of warrantie; 6 the in cujus rei testimonium, comprehending the sealing; 7 the date of the deed, containing the day, the month, the yeare and stile of the King, or the yeare of our Lord; lastly, the clause of hiis testibus. . . The office of the premises of the deed is twofold: first rightly to name

the feofor and the feofee; and secondly to comprehend the certaintie of the lands or tenements to be conveyed by the feofment either by expresse words or which may by reference be reduced to certaintie." 1 Coke's Inst. 6 a. Signing was not necessary to make a deed valid as such, at common law, and Sir William Blackstone says that "It was held in all our books that sealing alone was sufficient to authenticate a deed: and so the common form of attesting deeds—'sealed and delivered'—continues to this day notwithstanding the statute 29 Car. II, c. 3," which requires deeds to be signed by the maker. 2 Bl. Com. 307. Not only could any seal be used, but "a stick or any such like thing which doth make a print." Shep. Touch. 57. "In Termes de la Ley s. v. 'Fait,' reference is made to a charter of Edward III, of which the last two lines run in the English translation thus:

'And in witness that it was sooth

He bit the wax with his foretooth.'" Norton on Deeds, 6.

Thus it will be seen, from the conditions prevailing at common law, the prime importance of the grantor's name appearing in the body of the deed was to identify the deed as the act of a particular grantor. Without signature, and executed with a seal indented by the prick of a pin, or imprint of a tooth, the deed could not disclose the identity of the grantor, except by mention of his name in the grant. From the very necessity of the case grew the rule that the name of the grantor should appear in connection with apt words indicating that the deed was his grant. But even at common law a deed could be made in a very informal manner. Says Lord Coke: "I have tearmed the said parts of the deed formall or orderly parts, for that they be not of the essence of a deed of feofment; for if such a deed be without premises, habendum, tenendum, the clause of in cujus rei testimonium, the date, and the clause of hiis testibus, yet the deed is good. For if a man by deed give lands to another, and to his heires, without more saying, this is good, if he put his seale to the deede, deliver it and make lievry accordingly." 1 Coke's Inst. 7 a. Thus it would seem that the requirement of a deed made before the statute of frauds was, not that the grantor's name should appear in formal context, but if the writing should identify the grantor, the deed would be considered his grant. Let us also recall the old common-law distinc-

tion (obsolete in this State) between deeds-poll and indentures. The former are those made by one person only; to the latter two or more persons are parties. The case of Scudamore *v.* Vandenstene (1579), cited in 2 Coke's Inst. 573, is grounded upon this principle. It was there held that a person could not take any immediate benefit under an indenture, or sue on any covenant contained therein, unless he was named as a party thereto. The statement of Lord Coke in that case, that no grant can be made to a person not a party to the deed, was never true except of grants of immediate interests. Norton on Deeds, 24. And was never applied to deeds poll, but was limited to deeds *inter partes.* Norton on Deeds, 24; Cooker *v.* Child, 2 Levinz, 74.

The question first came up in America in the Massachusetts Supreme Court in 1812, in the case of Catlin *v.* Ware, 9 Mass. 218 (6 Am. Dec. 56.) It was there held that a conveyance by a husband, to which the signature and seal of the wife were affixed, but her name not being otherwise mentioned in the deed, did not bar the wife's right of dower. The conclusion of the court was rested on the reason that a deed can not bind a party sealing it unless it contains words expressive of an intention to be bound. Other courts have followed the Massachusetts court, either upon the authority of Catlin *v.* Ware, or the reason upon which the decision was placed. Peabody *v.* Hewett, 52 Me. 33 (83 Am. Dec. 486) ; Purcell *v.* Goshorn, 17 Ohio, 105 (49 Am. Dec. 448) ; Harrison *v.* Simons, 55 Ala. 510; Stone *v.* Sledge, 87 Tex. 49 (26 S. W. 1068) ; Adams *v.* Medsker, 25 W. Va. 127; Cox *v.* Wells, 7 Blackf. 410 (43 Am. Dec. 98) ; Agricultural Bank *v.* Rice, 4 How. 225 (11 L. ed. 949.) Most of these decisions were based upon the ground that a wife could not relinquish her right of dower unless the conveyance contained apt words expressive of such intent. But the weakness of the reasoning, in our judgment, is the clinging to an ancient rule of the common law which grew out of the environment and civilization of the sixteenth century, when such conditions do not exist in our own civilization. As was very pertinently said by Woodbury, J., in Elliott *v.* Sleeper, 2 N. H. 525, decided as early as 1823: "Here, however, a deed must by statute be attested; and since seals have ceased to be distinguished by peculiar devices, and education has become more generally diffused, signing would seem to be proper and indispensable. When

a deed is signed, the utility of naming the grantor in the premises or any part of the body of the instrument appears in a great measure superseded; for 'know,' says Perkins, section 36, 'that the name of the grantor is not put in the deed to any other intent but to make certainty by the grantor.' Bacon's Ab. 'Grant' C. This certainly is attained whenever a person signs, seals, acknowledges, and delivers an instrument as his deed, though no mention whatever be made of him in the body of it; because he can perform these acts for no other possible purpose than to make the deed his own. In a deed-poll, like that under consideration, where only the grantor speaks or signs or covenants, there is still less danger of mistake and uncertainty concerning the party bound, than in deeds indented." In agreement with the New Hampshire case are Armstrong v. Stovall, 26 Miss. 275; Ingoldsby v. Juan, 12 Cal. 564; Hrouska v. Janke, 66 Wis. 252 (28 N. W. 166). Textwriters now very generally discard as unsound the proposition that the grantor should be named as such in the deed, and approve those cases which hold that the conveyance is operative when signed by the grantor, though his name be omitted from the body of the instrument. 3 Washburn on Real Prop. 2120; 1 Devlin on Deeds, §204.

The requisites of a deed under the code are, that it must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or some one for him, and be made on a valuable or good consideration. No prescribed form is essential to the validity of a deed, and the instrument will be deemed sufficient if it make known the transaction. Civil Code, §§ 3599, 3602. We think that the deed under discussion measures up to these statutory essentials, and is effective as a conveyance of the defendant and her coremainderman, though their names are not mentioned in the body of the instrument. See, in this connection, *Ball* v. *Wallace,* 32 *Ga.* 170.

*Judgment affirmed. All the Justices concur.*