## BRIGHT *v.* WERDEN.

ATKINSON, J. 1. Where a son of a testator, after death of the latter, executes to a third person a mortgage purporting to create a lien upon his undivided interest in described land left by the testator, to secure an individual debt, and subsequently upon a valuable consideration conveys absolutely the same property to his mother, the widow of testator, "subject to" the mortgage, the widow by purchasing such interest and acceptance of the deed admits title to such interest in the son at the time of the mortgage. See *Garbutt Lumber Co.* v. *Wall,* 126 *Ga.* 172 (2) (54 S. E. 944); *Brinkley* v. *Bell,* 126 *Ga.* 480 (55 S. E. 187); *Dorris* v. *Dorris,* 149 *Ga.* 170 (2) (99 S. E. 532); *Mentone Hotel &c. Co.* v. *Taylor,* 161 *Ga.* 237 (2) (130 S. E. 527).

2. The effect of such a deed is to convey to the grantee such legal or equitable interest as the grantor may have·in the land, subject to the mortgage, and subject to administration of the land for distribution or payment of debts of the estate.

3. Where, subsequently to a mortgage and conveyance as referred to above, the land in its entirety is duly sold by the executors in the course of administration under an appropriate order of the court of ordinary having jurisdiction of the estate, for the purpose of payment of debts and for distribution, and a deed is made by the executors to the pur-

chasers upon the payment of the purchase-price, such sale and conveyance, in the absence of fraud, will transfer the title of the land to the grantees unaffected by the lien of the mortgage above mentioned, executed by the son of the testator upon his individual interest in the land.

4. The facts that the widow purchased the interest of the son of the testator, subject to the mortgage as above indicated, and that shortly after a sale by the executors, of whom the widow was one, she received a deed to the entire property from the purchasers at the executors' sale, who were her children, upon a nominal consideration, and subject to a mortgage executed by such purchasers at the executors' sale, to a third person for an amount equal to the purchase-price paid to the executors, would not as a matter of law estop the widow as against the mortgage from asserting title to the property.

5. The facts stated in the preceding division would be for consideration upon the question of fraud, but would not authorize the direction of a verdict against the widow on the trial of a statutory claim by her and the grantees named in the executors' deed, jointly interposed by them to a levy of a fi. fa. based on a judgment of foreclosure of the mortgage executed by the son of the testator upon his individual interest in the land.

6. The trial judge erred in directing the verdict and entering the judgment upon which error was assigned.

*Judgment reversed. All the Justices concur.*

No. 7614. JANUARY 13, 1931.

662

*William Brunson,* for plaintiff in error.   *J. S. Adams,* contra.