HUGHES *v.* COBB; *et vice versa.*

Nos. 14308, 14309.  November 18, 1942.  Rehearing denied December 15, 1942.

216

228

230

*Madison Richardson, Reuben A. Garland,* and *Alan Kemper,* for plaintiff.

*George B. Tidwell, George & John L. Westmoreland,* and *O. J. Coogler,* for defendant.

HEWLETT, Justice. ■ The rulings announced in the first four headnotes, dealing with the demurrer to the petition, do not require elaboration.

■ The question now for decision is, considering the evidence most favorably to the plaintiff, did the court err in directing the verdict for the defendant? It is error for the judge to direct a verdict, except where there is no conflict in the evidence as to the material facts, and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. Code, § 110-104; *Shaw* v. *Probasco,* 139 *Ga.* 481 (77 S. E. 577). "A verdict should not be directed unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed." *Davis* v. *Kirkland,* 1 *Ga. App.* 5 (58 S. E. 209) ; *Ayer* v. *First National Bank & Trust Co.,* 182 *Ga.* 765, 768 (187 S. E. 27). See *Renitz* v. *Williamson,* 149 *Ga.* 241 (4) (99 S. E. 869) ; *Atwood* v. *Edenfield,* 150 *Ga.* 198 (103 S. E. 170) ; *Word* v. *Bowen,* 181 *Ga.* 736 (3) (184 S. E. 303) ; *Muscogee Motor Co.* v. *Brown,* 181 *Ga.* 797 (184 S. E. 317) ; *Everett* v. *Miller,* 183 *Ga.* 343 (188 S. E. 342) ; *Patterson* v. *Fountain,* 183 *Ga.* 676 (189 S. E. 4).

Did the evidence demand a verdict for the defendant on the ground of res judicata? A judgment, to be conclusive, must be a determination upon the merits of the case. Where a suit is not determined upon its merits, the judgment is not conclusive. Code, § 110-503. In *Sparks* v. *Fort,* 29 *Ga. App.* 531, 536 (116 S. E. 227), it was said: " 'Sound sense, as well as the adjudications of the courts, lay down the rule that the rights of the parties must be actually considered and adjudicated before the former adjudication will bar the subsequent suit.' *National Bank* v. *Southern Porcelain Co.,* 59 *Ga.* 157, 165; *Linder* v. *Rowland,* 122 *Ga.* 425 (2) (50 S. E. 124) ; *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272) ; *Mitchell* v. *So. Bell Tel. Co.,* 150 *Ga.* 46 (102 S. E. 346) ; case note, 13 A. L. R. 1104, 1107."

After designated payments were made, which will be mentioned later, the judge entered an order dismissing the action filed on

September 24, 1941, because there were no issues to be determined between the parties. Where nothing is determined by a court, and the order of dismissal expressly states such fact, there is no judgment which can be res adjudicata in future litigation. However, if there had been a judgment in the former case, would it be res judicata under the facts of the instant case? In *Slaughter* v. *Slaughter,* 190 *Ga.* 229, 230 (9 S. E. 2d, 70, 129 A. L. R. 156), it was said: "The doctrine of res judicata is to be applied only when the cause of action is the same. *Worth* v. *Carmichael,* 114 *Ga.* 699 (40 S. E. 797); *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650); *Hill* v. *Cox,* 151 *Ga.* 599 (107 S. E. 850)." In the case filed on September 24, 1941, the plaintiff was seeking to collect alimony under an agreement into which she contends she was induced to enter, while in the instant case she asserts her right to recover property wrongfully taken from her at a time before the alimony agreement; and the rights now asserted are wholly independent of the alimony agreement. The causes of action being wholly different, even if there had been a judgment in the earlier case, it would not constitute res judicata.

Another question is, did the evidence demand a verdict for the defendant on the ground of estoppel? An estoppel is an affirmative defense. In *Seaboard Air-Line Railway Co.* v. *Holliday,* 165 *Ga.* 200, 207 (140 S. E. 507), it was said: "The defendant having failed to show that it or any of its predecessors were ignorant of the true title, the burden being upon the defendant to establish the defense of estoppel, the court properly directed a verdict against the defendant upon its contention that the plaintiff was estopped." In *Tune* v. *Beeland,* 131 *Ga.* 528 (3) (62 S. E. 976), after stating facts which would constitute estoppel, it was said: "But where the facts relied on to establish the estoppel do not unequivocally show an estoppel in pais, the jury, and not the judge, should determine whether the facts constitute such an estoppel." See *Jackson* v. *Lipham,* 158 *Ga.* 557 (3) (123 S. E. 887); *Groover* v. *Simmons,* 163 *Ga.* 778 (137 S. E. 237); *Ware* v. *Mobley,* 190 *Ga.* 249 (2) (9 S. E. 2d, 67). In *Reese* v. *Spence,* 188 *Ga.* 349 (4 S. E. 2d, 244), it was said: "Estoppel is negative, not creative. *Parks* v. *Simpson,* 124 *Ga.* 523, 524 (52 S. E. 616). 'Its whole scope is to protect one from loss which, but for the estoppel, he could not escape, and should be limited to saving the party asserting the

estoppel from loss.' *Peacock* v. *Horne,* 159 *Ga.* 707 (5) (126 S. E. 813)." See *Fields* v. *Continental Insurance Co.,* 170 *Ga.* 28 (2) (152 S. E. 60); *Bank of Lenox* v. *Webb Naval Stores Co.,* 171 *Ga.* 464 (156 S. E. 30).

The defendant's contention is that because she paid $1812.50 and $567 the plaintiff may not now be heard to assert that she is entitled to recover the Rose Garden property. As to the $567, it appears from the evidence that such sum was paid by defendant with full knowledge of plaintiff's claims, while the present action was pending, thus making it a voluntary payment. Under the evidence the jury could have found that the reasonable market value of the Rose Garden property was $25,000. Should the plaintiff be denied to assert her rights to this property because the defendant paid the $1812.50, which, as indicated above, related to an entirely different transaction? The plaintiff in her petition states that she "offers in all things to do equity, and consents that any decree or judgment herein rendered may be molded in such manner as may be just and proper." A court of equity may mold its decree and require one seeking equity to do equity. Code, § 37-1203. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit." § 37-105. Referring to this principle, in *Pass* v. *Pass,* 195 *Ga.* 155, 163 (23 S. E. 2d, 697), it was ruled that "the judge in seeking to do complete justice, which it was his duty to do under the Code, § 37-105 (*Irons* v. *American National Bank,* 178 *Ga.* 160 (5 *d*), 172 S. E. 629), caused the interlocutory injunction to be conditioned upon the plaintiff paying such amount into court, which was done."

If the trial court should determine that upon the application of equitable principles to the facts the defendant was entitled to receive back the $1812.50 or the $567, she could be fully protected. In other words, upon a proper finding of facts a decree could be so framed as to fully protect the defendant in this respect, even though the verdict should be for the plaintiff as to recovery of the property. To hold otherwise would work a forfeiture, which equity seeks to avoid. In *Johnson* v. *Ellis,* 172 *Ga.* 435 (158 S. E. 39), it was held in effect that one who, in ignorance of her rights under a will, had accepted a relatively trivial sum for the interest to

which she was actually entitled, may still be protected and the other parties restored to their former status. "Estoppels should be resorted to solely as a means of preventing injustice, and should not be permitted to defeat the administration of the law or to extend beyond the requirements of the transactions in which they originate. It is, moreover, recognized that the doctrine of estoppel when misapplied may be a most effective weapon for the accomplishment of injustice." 19 Am. Jur. 602, § 4.

Under the uncontradicted evidence, it is clear that the plaintiff made no demand upon the defendant with reference to payment of the $1812.50. What the plaintiff sought was simply to preserve the status, prevent a sale by the defendant to a bona fide purchaser, and establish the plaintiff's rights as against the property to alimony in a relatively trivial sum. The amount of $1812.50 represented notes due in future years, 1942, 1943, 1944, and 1945.

The petition filed on September 24, 1941, did not contain a prayer asking that the above notes be paid, and there is no evidence to show that the plaintiff intended that the defendant should pay them. The Code, § 38-116, declares: "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." See *Randolph* v. *Merchants & Mechanics Banking &c. Co.*, 181 *Ga.* 671, 676 (183 S. E. 801); *Dingfelder* v. *Georgia Peach Growers Exchange*, 182 *Ga.* 521 (2), 522 (186 S. E. 425); 19 Am. Jur. 653, § 51.

In *Stonecipher* v. *Kear*, 131 *Ga.* 688 (4) (63 S. E. 215, 127 Am. St. R. 248), it was held: "The owner of property is not estopped from setting up his title thereto by reason of acts and declarations on his part, alleged to have induced another to buy it as the property of a third person, unless it appear that the purchaser was ignorant of the falsity of such alleged inducements and really acted upon them and not upon his own knowledge or judgment." In the instant case there was no evidence that the defendant relied upon any representation or claim of the plaintiff. On this question the defendant (Cobb's widow) testified, that shortly after Cobb's death, she went to see Mr. Tidwell, the attorney who formerly represented her husband; that he told her of the security deed which he had withheld from record, and advised her to pay

234

the notes. The undisputed evidence further showed that on September 13, 1941, almost two weeks before the previous suit was filed, Mr. Tidwell obtained an agreement of the parties in Florida who held the notes maturing in the future, to accept payment by October 1, 1941, at a ten per cent. discount. Defendant thereupon made arrangements to mortgage property which she owned, got the money, turned it over to Tidwell, and he sent it to the owners of the notes. The money was sent on September 26, which would have been in time to reach the owners of the notes before October 1. While there was evidence as to conferences between the attorneys of the respective parties before this time, such testimony did not show that any demand had been made for payment of the notes, or that at the time the money was sent the defendant knew of the suit which had been filed two days earlier, and that the payment was because of that suit. The defendant, having failed to prove that she relied upon the suit in making the payment, was not entitled to estoppel upon this ground. *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174). Another question is, can it be contended that by agreeing, at the insistence and under the advice of Cobb's attorney, to enter into the alimony agreement and accept a deed conveying the Rose Garden property as security, the plaintiff was estopped to deny that Cobb then had title? Estoppel by deed applies to the maker of the deed. It does not ordinarily apply to the grantee. Code, § 29-111.

"It is a well-settled general rule that under ordinary circumstances, a grantee of property is not estopped to deny his grantor's title." 19 Am. Jur. 620, § 23. To the same effect see *Gwinn* v. *Smith,* 55 *Ga.* 145 (4); *Phillips* v. *O'Neal,* 87 *Ga.* 727 (2) (13 S. E. 819); *Bright* v. *Werden,* 171 *Ga.* 660 (4-6) (156 S. E. 590); 21 C. J. 1069, § 28. When an estoppel by deed arises, it is limited to an action founded on the deed itself. In a collateral action, there is no estoppel. *Coldwell Co.* v. *Cowart,* 138 *Ga.* 233, 237 (75 S. E. 125); 21 C. J. 1091, § 73. The plaintiff in the instant case asserts no rights growing out of the unrecorded security deed. Conceding that she would be estopped in an action seeking to foreclose the security deed, she is not estopped in the present suit, arising out of a wholly different cause of action, which existed before the time she was induced to accept the terms of the alimony agreement and the security deed.

Did the judge properly direct the verdict for the defendant on the doctrine of election of remedies? In *Harber* v. *Harber*, 158 *Ga.* 274 (123 S. E. 114, 33 A. L. R. 598), it was said: "A case of election only arises when a person is entitled to one of two benefits to each of which he has the legal title, but to enforce both would be unconscientious and inequitable to others having claims upon the same property or fund." It was further said: "The election between remedies exists when a party has several remedies for the same wrong, but pursues inconsistent remedies." It has been said that the rule as to election of remedies is a harsh one which should not be lightly enforced, that its scope should not be extended, and that for obvious reasons it has never been a favorite of equity. Friederichsen *v.* Renard, 247 U. S. 207 (38 Sup. Ct. 450, 62 L. ed. 1075). The rule implies knowledge or its equivalent on the part of the suitor of the facts material to his rights; and if a litigant commences an action or proceeding in ignorance of the substantial facts affecting his rights, he may when informed adopt a different remedy. *Board of Education of Glynn County* v. *Day*, 128 *Ga.* 156 (6), 166 (57 S. E. 359); *McNair* v. *Rabun*, 159 *Ga.* 401 (126 S. E. 9); *Hartley* v. *Hartley*, 173 *Ga.* 710 (161 S. E. 358); *Land* v. *Hall*, 46 *Ga. App.* 404 (3) (167 S. E. 711); 18 Am. Jur. 144, § 22. The evidence in this case authorized the inference that the plaintiff at the time of the filing of the first suit did not have actual or implied knowledge of the substantial facts affecting her rights, and hence could not and did not impart such knowledge to the attorneys by whom the suit was filed. The evidence would have authorized a finding that at the time the attorneys for plaintiff collected the $567 claimed in that suit, and paid the proceeds over to the plaintiff, she still did not have substantial knowledge of the nature and purport of that action, so as to make a conscious affirmance of it as a choice of remedies; these attorneys being different from those who filed the second suit, and the attorneys in neither case having any connection with the other litigation. Accordingly, although the collection of the $567 was made after the present suit was filed, the evidence did not demand a finding against the plaintiff under the doctrine of election of remedies.

The evidence disclosed that the defendant claimed under a deed of gift. Therefore, being a donee, she stands in the shoes of her

grantor. Code, § 37-108; *Fletcher* v. *Fletcher,* 158 *Ga.* 899 (7) (124 S. E. 722).

Under the evidence, the jury would have been authorized to find that the plaintiff was the victim in a scheme whereby her then husband by duress and fraudulent means obtained title to his wife's property. In all the circumstances a different ruling is not required because the evidence showed that on September 24, 1941, the plaintiff filed a petition (nineteen days before the instant suit) seeking to have a security deed held by her declared a prior lien to the deed held by the defendant. Some of the circumstances referred to are (1) that the suit was filed by attorneys in Atlanta, who knew nothing about the early history of the case, having been employed by correspondence with the plaintiff, who was ill in Florida, "in no mental condition to protect her interest in a business transaction;" (2) evidence showing that a $2000 payment, less discount, on the Florida hotel property, was a voluntary payment of notes signed jointly by the plaintiff and the defendant's husband, and that the notes were not due; (3) failure of the defendant to prove that the above amount was paid as a result of the previous suit; (4) evidence that the payment of $567 to the plaintiff, for which a receipt had been given before the institution of any suit, was not made until after the filing of the present suit with full knowledge of her contentions. In all the circumstances, the evidence did not demand a finding for the defendant on the theory of res judicata, estoppel, or election of remedies, but would have authorized a finding in favor of the plaintiff. The judge erred in directing the verdict.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*