25943. TIMES-JOURNAL, INC. et al. v. JONQUIL BROADCASTING COMPANY et al.

Argued July 14, 1970—Decided September 10, 1970.

*Sanders, Hester, Holley, Ashmore & Boozer, Dale M. Schwartz, Carl E. Sanders,* for appellants.

*Parks & Eisenberg, David S. Eisenberg,* for appellees.

Nichols, Justice. The questions presented by the present appeal are whether after an interlocutory restraining order and later, after hearing, a temporary injunction is rendered, may the defendants therein who file no pleadings within the period prescribed by the Civil Practice Act (Ga. L. 1966, p. 609; *Code Ann.* §§ 81A-104, 81A-112) file a response to the plaintiffs' claim some 18 months after service of the claim and a "counterclaim" as an additional pleading, and are the plaintiffs in such an equitable proceeding entitled to a default judgment.

1. Section 1 of the Civil Practice Act (*Code Ann.* § 81A-101)

declares: "This Title governs the procedure in all courts of record of the State of Georgia in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in section 81A-181. The provisions of this Title shall be construed to secure the just, speedy, and inexpensive determination of every action." Section 81 of the Act (*Code Ann.* § 81A-181) is not applicable to the present claim. Sections 2, 3 and 4 (*Code Ann.* §§ 81A-102, 81A-103 and 81A-104), therein prescribe that there shall be one form of action to be known as a "civil action," the commencement by filing a complaint and the procedure for issuance of process, etc. Section 12 (a) (*Code Ann.* § 81A-112 (a)) provides that a defendant shall serve his answer within 30 days after service of summons and process, and subsection (b) of such section provides that "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except . . ." specified defenses which may be made by written motion.

Section 55 of such Act (*Code Ann.* § 81A-155) provides for default judgments as well as for the opening of defaults under limited circumstances and § 13 (*Code Ann.* § 81A-113) provides for counterclaims. Section 13 (e) permits counterclaims maturing after the service of the defendant's original pleading to be made by supplemental pleading and § 13 (f) provides for the filing of an omitted counterclaim to be added by amendment where a pleader has by oversight, inadvertence, etc., failed to include it in his original pleading.

None of the above sections by any stretch of the imagination permits a pleader to wait eighteen months and then file defensive pleadings or a cross claim to a civil action. Thus, unless § 65 (*Code Ann.* § 81A-165), which expressly deals with injunctions and temporary restraining orders, permits such practice, the judgment overruling the plaintiffs' motions to strike the defendants' response and counterclaim must be reversed.

Except for subsection (d) of this section, which deals with the form and scope of injunctions and restraining orders, this section of the Civil Practice Act deals with extraordinary relief which

may be sought and granted during the interim between filing of the complaint and a final adjudication of the case on its merits. Such section cannot be construed so as to authorize the result sought by the defendant, to wit: that in actions seeking a permanent injunction the defendant is relieved of the responsibility of filing responsive pleadings. The judgment of the trial court overruling the plaintiffs' motion to strike the defendants' defensive pleadings was error.

2. Section 55 of the Civil Practice Act (*Code Ann.* § 81A-155) provides in part: "If in any case an answer has not been filed within the time required by this Title, such case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default upon the payment of costs. If the case is still in default after the expiration of such period of 15 days, the plaintiff, at any time thereafter, shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages." No question of opening the default for cause or the extent of the relief sought by the plaintiffs is involved in the present case.

The above quoted section of the Civil Practice Act makes no distinction between civil actions seeking money judgments and cases seeking relief in equity. In fact, § 54 of the Act (*Code Ann.* § 81A-154) defines "judgment" to include "decree." No decision has been cited by either party which would preclude the granting of equitable relief by a default judgment and in the case of *St. Amand v. Lehman,* 120 Ga. 253 (2) (47 SE 949), it was said: "In view of the failure of one of the defendants to answer, it would have been proper to grant the injunction against him." In that case it had been held that the petition was good as against general demurrer and that the allegations, if true, would have entitled the plaintiffs to the injunction prayed for.

Under the Civil Practice Act, in a case where no defensive

pleadings are filed, the plaintiff in a case seeking a permanent injunction is entitled to such injunction as a matter of law if the facts alleged, under a proper construction in accordance with the Civil Practice Act, authorize such relief.

While in a civil action, not in equity, where the case is in default, the plaintiff is entitled to a default judgment as a matter of law without the introduction of any evidence except as to unliquidated damages, yet in equity cases 'which involve harsher remedies a determination must be first made that, admitting every allegation in the petition as true, the plaintiff is entitled to the relief sought. This presents a question of law for the court, similar to prior adjudications on general demurrer, but without the presumptions against the pleader as was required by demurrer practice. Once such a determination has been made that, accepting the allegations of the plaintiff's claim as true, he is entitled to a decree, then such decree must be entered.

In the present case the trial court overruled the plaintiffs' motion to strike the defensive pleadings and then, apparently on the basis that the case was not in default, overruled the plaintiffs' motion for a default judgment without determining if under the allegations the plaintiffs were entitled to the relief sought.

3. Since the overruling of such default judgment would be affirmed if correct although the basis of the trial court's ruling was erroneous (*Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281) ; *First Federal Savings &c. Assn. v. Gainesville Nat. Bank,* 224 Ga. 150 (160 SE2d 372)), it must be determined if the plaintiffs' petition alleged sufficient facts to authorize a decree to be entered in accordance with its prayer.

The prayer was as follows: "Wherefore, plaintiffs pray that these defendants be instanter, temporarily and permanently, enjoined, themselves, and by and through their agents, employees and attorneys, from failing to cooperate with plaintiffs in obtaining Commission approval of said application and in the consummation of said contract, and from doing any act or thing, orally or in writing, which would tend to cause a breach of said contract and agreement of purchase and sale, or which would tend to cause or influence the Commission not to approve said application, and for such other and further relief as the court may deem equitable and just."

The allegations of the petition show a contract to purchase all the outstanding stock of a corporation operating a radio station subject to regulations of the Federal Communications Commission, and under F. C. C. regulations the transfer could not be consummated without F. C. C. approval, that after the proper applications had been filed and time elapsed: "On the 9th day of July, 1968, defendant Polk, for himself and acting for said corporation, informed Mr. Otis A. Brumby, Jr., president of plaintiff corporation and on the 10th day of said month informed your plaintiff Kinney, that he did not intend to comply with said contract and that he was not going to cooperate further with plaintiffs in obtaining Commission approval of said application, and that he desired to breach said contract and retain ownership of said 80 shares of stock of said radio station; defendant Polk further stated that he had retained counsel in Washington, D. C., in order that he might contest the approval of said application, and that he was taking this action because said corporation had begun to make a profit and was now worth more than the purchase price of said contract. Defendant Polk, acting for himself and for said corporation, has anticipatorily breached said contract to your plaintiffs for which they have no adequate remedy at law. If this court does not act as a court of equity and exercise its conscience, enjoining these defendants, by and through their agents, employees and attorneys, from failing to cooperate in obtaining Commission approval of said application and consummation of said contract and from doing any act, orally or in writing, which would tend to cause a breach of said contract and agreement of purchase and sale, your plaintiffs will be irreparably damaged."

In *DeLamar v. Fidelity Loan &c. Co.*, 158 Ga. 361 (4) (123 SE 116), it was recognized that a contract for the sale of corporate stock may be enforced by specific performance. This is the real relief sought by the plaintiffs, and the facts alleged are sufficient to authorize this relief.

Incidental to such relief the plaintiffs seek to enjoin the defendants from doing anything to preclude the F. C. C. from approving such contract, and while some affirmative action may be required it is not such as would violate the rule that gen-

erally equity will not require specific performance of contracts for personal services.

Properly construed the plaintiffs' petition showed them to be entitled to the relief sought, and the judgment of the trial court overruling the plaintiffs' motion for a default judgment must be reversed.

*Judgment reversed. All the Justices concur.*