## 31657. NELSON v. BLOODWORTH et al.

HILL, Justice.

Appellant contends that he has been improperly denied a default judgment on his complaint for injunction and declaratory judgment and, alternatively, that he has been improperly denied injunction and declaratory judgment based upon prescriptive title to certain mineral rights in the land to which he has otherwise had fee simple record title for over seven years.

In 1941 the common grantor conveyed all bauxite on a 270-acre tract in Wilkinson County to R. M. Lee with right of access. There was some mining of the bauxite in 1941 and '42, but no mining has been conducted on the

property in the past thirty years. Mr. Lee's widow, Leolia Lee, took this mineral interest by intestate succession. She remarried and as Leolia Lee Bloodworth conveyed the interest to Sidney S. Miller, Inc., by warranty deed on December 23, 1975.

On February 25, 1955, appellant was granted a purportedly one-half undivided fee simple interest in the tract from W. F. Belote, a successor to the common grantor. Appellant was granted the remaining purportedly undivided fee simple interest by Belote on April 4, 1961. Appellant seeks a declaration that he is the owner of all interests in the tract including the mineral interests. He contends that he acquired the mineral interest pursuant to Ga. L. 1975, p. 725 (Code Ann. § 85-407.1).

Suit against Mrs. Bloodworth and Sidney S. Miller Inc. was filed on December 22, 1975, and a temporary restraining order prohibiting entry upon the property was entered. The complaint and order were served on December 29. An amendment seeking to add Sidney S. Miller, Inc., as a defendant was filed on January 15, 1976. At a hearing on February 10, it was stipulated and agreed that the hearing should proceed and that defendant Sidney S. Miller, Inc., would be bound by the evidence and judgment of the court entered upon said hearing.

On April 29, appellant moved for default judgment on the ground that no defensive pleadings had been filed by any defendant. The trial court denied the motion for default judgment, refused to continue the interlocutory injunction and denied the prayers for injunctive and declaratory relief. The court found as a fact that the matter of declaratory judgment as well as injunctive relief was before the court at the hearing on February 10, i.e., that the court had before it the merits of the declaratory judgment complaint on February 10.

1. A complaint for declaratory judgment can be tried at any time twenty days after service. Code Ann. § 110-1104. A complaint seeking injunctive relief may also be tried before answer is due or before a default judgment may be entered. Code. Ann. § 81A-165 (a) (2).

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be

treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." Code Ann. § 81A-115 (b).

We hold that where, as here, before entry of default judgment,[1] trial or hearing on the merits for final relief is held in a suit for declaratory judgment or injunction or both, and the defendant appears and opposes the relief sought, the trial court may treat the evidence adduced as constituting the answer of the defendant and refuse to enter declaratory or injunctive relief by default if any evidence adduced would authorize judgment in favor of the defendant. In *Times-Journal, Inc. v. Jonquil Broadcasting Co.,* 226 Ga. 673 (177 SE2d 64) (1970), there had been no trial or permanent injunction hearing.

The court did not err in overruling the motion to enter default judgment.

2. The fee simple owner of land may sever the mineral interests by conveying such interests absolutely and in fee simple. "When mineral interests have been conveyed separately from the surface, title to such minerals will not be lost by nonuser. Neither will it be lost by prescription, where there is no adverse user of the minerals themselves, as distinguished from the surface." *Brooke v. Dellinger,* 193 Ga. 66, 73 (17 SE2d 178) (1941). The language of the bauxite conveyance in this case clearly granted the interest separately from the surface, absolutely and in fee simple. Therefore, the cases relied upon by appellant limiting the time for removal of the minerals are inapplicable here.

In 1975 the General Assembly enacted a procedure to modify the *Brooke* rule so as to allow the fee simple owner of property to obtain title to mineral interests by adverse possession. Ga. L. 1975, p. 725 (Code Ann. § 85-407.1). That Act provides that the fee simple owner may obtain the mineral interests where "The owner of such mineral

---

[1] See Ga. Prac. and Proc., § 8-8, p. 139 (4th Ed.).

rights, his heirs or assigns must have, for a period of seven years since the date of the conveyance and for seven years immediately preceding the filing of the petition provided for herein, neither worked nor attempted to work such mineral rights nor paid any taxes due thereon." In the case before us the evidence shows nonuser and nonpayment of taxes for the requisite seven years. Thus a question may arise as to whether the 1975 Act is invalid as being retroactive and thus contrary to Code Ann. § 2-302.

As we read the 1975 Act, although it became effective July 1, 1975, suit based on the Act cannot be commenced until at least seven years from that date. *Bank of Norman Park v. Colquitt County,* 169 Ga. 534 (150 SE 841) (1929); Code Ann. § 102-104. Plaintiff's action being at least premature, the trial court did not err in denying the relief sought.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who concurs specially.*

Argued November 9, 1976 — Decided January 28, 1977.

*Nelson & Nelson, James F. Nelson, Jr.,* for appellant.
*Boone, Scott & Boone, Walter A. Scott,* for appellees.

Nichols, Chief Justice, concurring specially.

I concur in the judgment affirming the denial of relief to the plaintiff, but I cannot agree with the holding in the first division of the opinion.

The record discloses that a hearing was held to determine if the temporary restraining order should be continued as an interlocutory injunction. No further hearing was had until the hearing on the motion for default judgment, at which time oral argument was heard.

Under the Civil Practice Act, an answer is required to be filed in actions wherein injunctions are sought. See *Times-Journal, Inc. v. Jonquil Broadcasting Co.,* 226 Ga. 673 (177 SE2d 64) (1970). When a timely answer is not filed, a default judgment may be entered in a proper case.

Prior to entering a default judgment in an equity

case, a determination must be made that, accepting the allegations of the plaintiff's claims as true, the plaintiff is entitled to the relief sought. For the reasons stated in Division 2 of the majority opinion, the plaintiff was not entitled to the relief sought, and the trial court did not err in overruling the motion for default judgment, although the defendants did not timely file an answer to the plaintiff's complaint.