## 39860. HINSON v. LOPER et al.

HILL, Chief Justice.

This case is the first to arise on its merits under OCGA § 44-5-168 (formerly Code Ann. § 85-407.1). This statute, enacted in 1975 (Ga. L. 1975, p. 725), provides a means whereby the holder of mineral rights may lose such rights by seven years adverse possession. In *Nelson v. Bloodworth,* 238 Ga. 264, 267 (232 SE2d 547) (1977), we held that suit based on the statute could not be commenced until at least seven years after its enactment. Accord, *Johnson v. Bodkin,* 241 Ga. 336 (247 SE2d 764) (1978). The requisite seven years having elapsed, this suit was filed.

In 1945 C. H. Loper conveyed the surface rights of a 377-acre tract in Twiggs County to Ira King, expressly reserving all mineral rights to himself. C. H. Loper leased his mineral rights to Georgia Kaolin Company in 1955 for a term of 25 years, and granted to lessee an option to extend the contract for an additional term of 25 years. The lease was assigned to Yara Engineering Corporation and the option was exercised in 1980. The plaintiff-appellant is successor in interest of Ira King, owner of the surface rights. The defendants are the successors in interest of C. H. Loper, who reserved the mineral

rights. Yara Engineering was not made a party to the suit. This appeal is from the grant of summary judgment to the defendants on the ground that the plaintiff has not acquired title to defendants' mineral rights by adverse possession.

Plaintiff claims title to the mineral rights under OCGA § 44-5-168 (Code Ann. § 85-407.1), supra. The act provides that the fee simple owner may reacquire the mineral rights by adverse possession where "the owner of the mineral rights or his heirs or assigns have neither worked nor attempted to work the mineral rights nor paid any taxes due thereon for a period of seven years since the date of the conveyance and for seven years immediately preceding the filing of the petition. . . ." Actually, it might be more accurate to say that under this statute the owner of the mineral rights loses them by nonuse plus nonpayment of taxes, as opposed to losing such rights by adverse possession of the fee simple owner.

However, OCGA § 44-5-168 (f) (Code Ann. § 85-407.1) provides: "Nothing in this Code section shall apply to a lease for a specific number of years nor to an owner of mineral rights who has leased the mineral rights in writing to a licensed mining operator as defined in Part 3 of Article 2 of Chapter 4 of Title 12." It has been stipulated that Yara Engineering Corporation and its predecessor, Georgia Kaolin Company, are licensed mining operators within the meaning of the Code.

Plaintiff argues that the defendants are not "an owner of mineral rights who has leased the mineral rights" in that it was C. H. Loper who leased such rights, not these defendants. Plaintiff points to the use of the words "or his predecessors in title" elsewhere in the Code section and to the absence of such phrase in paragraph (f) of OCGA § 44-5-168 (Code Ann. § 85-407.1), supra.

Thus, plaintiff seeks a strict, even hypertechnical, construction of the code section. We read the Code section to ascertain the intent of the General Assembly. We find that it was the intent of the General Assembly to exclude from the Code section, and thereby protect the rights of, lessees of mineral rights whether such lessees held leases for a specific number of years or were licensed mining operators. Thus read, the trial court was correct in holding that plaintiff has not reacquired the mineral rights here in issue.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 1983.

*Walker, Richardson, Hulbert & Gray, Lawrence C. Walker, Jr.,* for appellant.

*James G. Maddox,* for appellees.