66402. CHRISTIAN v. M&R COLLECTION ADJUSTMENT, INC. et al.

DEEN, Presiding Judge.

Appellant Ruth Odum Christian appeals the Baldwin County Superior Court's award of summary judgment to appellee in an action stemming from a garnishment proceeding instituted against appellant's employer as the result of a default judgment in favor of appellee.

In April 1981 Ms. Christian was notified by appellee, M&R Collection & Adjustment, Inc. (M&R), a collection agency representing the Baldwin County Hospital. that a certain account, one of several she had with the hospital, was overdue. She countered that the debt had been paid and produced a canceled check purportedly representing payment on that account. The hospital records indicated, however (and subsequent investigation confirmed), that the check had been tendered in payment of a different account that had become due previously. Appellant then offered to produce canceled checks representing payment of all her outstanding accounts but never actually did so.

In October 1981 appellee M&R filed a claim against appellant in Small Claims Court, and when she failed to appear or to respond in

any way, the court granted judgment by default and ordered garnishment proceedings instituted against appellant's employer. Appellant did not appeal this judgment, and garnishment was begun on December 16, 1981. The following January Ms. Christian filed a traverse to the garnishment, together with a complaint against M&R and the hospital, alleging improper party, libel, and violation of federal debt collection laws; and seeking damages in tort and avoidance of the default judgment and garnishment. After the February 5, 1982, hearing on the traverse, the court made findings of fact and conclusions of law and determined that the garnishment should proceed. Appellant subsequently dismissed without prejudice the action against Baldwin County Hospital as a party defendant, and the remaining defendant, M&R, moved for summary judgment, pleading *res judicata*. In January 1983 the court granted appellee's motion, and appellant enumerates as error this award and the dismissal of her complaint. *Held:*

1. The record submitted on appeal contains no copy of appellant's traverse to the garnishment. It is apparent from the trial court's order of February 5, 1982, however, that although appellant attempted in her traverse to challenge the amount due, as permitted under OCGA § 18-4-65 (a) (Code Ann. § 46-403), the court found that this was not actually at issue and, moreover, that appellant's complaint did not by its nature fulfill the requirements of OCGA § 18-4-65 (b) (Code Ann. § 46-403) with regard to an attack on the validity of the default judgment. It is undisputed that appellant neither appealed the default judgment nor attempted to open the default as permitted under OCGA § 9-11-55 (a) (Code Ann. § 81A-155). The trial court was correct in granting a default judgment to appellee, OCGA § 9-11-55 (a) (Code Ann. § 81A-155); *Bank of Cumming v. Moseley,* 243 Ga. 858 (257 SE2d 278) (1979); *Times-Journal, Inc. v. Jonquil Broadcasting Co.,* 226 Ga. 673 (177 SE2d 64) (1970), and in subsequently ordering the garnishment to proceed. OCGA § 18-4-65 (Code Ann. § 46-403). Since, moreover, there was no competent evidence to support any of the counts alleged in appellant's complaint, the court did not err in dismissing the complaint.

2. Because we have held in Division 1, supra, that the court correctly adjudicated the merits of the prior action, it follows that appellee carried its statutory burden of sustaining its *res judicata* defense, and of establishing that there remained in the case no genuine issues of material fact. The trial court did not err in granting summary judgment to appellee. OCGA § 9-11-56 (Code Ann. § 81A-156).

3. Appellee correctly states that appellant's complaint should

have been asserted as a compulsory counterclaim under OCGA § 9-11-13 (Code Ann. § 81A-113). Because we affirm the judgment on other grounds, however, we need not address this defense.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 6, 1983.

*Prince A. Brumfield, Jr.,* for appellant.
*Larry S. Herrington,* for appellees.