### 42611. MILNER et al. v. BIVENS.
(335 SE2d 288)

MARSHALL, Presiding Justice.

Appellee-plaintiff, Bivens, is trustee of the residuary trust of Lynn C. Stephens. Stephens was successor-in-interest to R. L. and C. J. Smith, who were grantees in a 1910 conveyance by Annie E. Milner. Appellants-defendants, Milner and others, are successors-in-interest to the grantor Milner. The appellee filed this complaint seeking a declaratory judgment invalidating a reservation of mineral rights and an option to repurchase retained by Milner in the 1910 conveyance. The superior court granted summary judgment in favor of the appellee. We affirm.

In 1910, Milner executed a document labeled an "indenture," through which Milner did "Grant, Bargain, Sell and Convey" to R. L. and C. J. Smith forever in fee simple "the agricultural interest" and "timber rights" in a tract composed of approximately 240 acres. The consideration was $2,000. In the indenture, Milner reserved for herself "all minerals to be found in, under, and upon said lands as described, together with mining privileges such as are needed, not including timber rights." In addition, in the indenture Milner reserved for herself "her heirs and assigns" the right to purchase "all surface or agricultural rights on any acre or acres at and for the agreed price of thirty ($30) dollars per acre, whenever any acre or acres are needed for the purpose of mining." Under the indenture, several acres were conveyed "without any right of repurchase and reservation of minerals," in the grantor, and in several other acres the grantor, her heirs, and assigns retained the surface rights for mining purposes without payment of any sum. The indenture warranted fee-simple title to the acreage not subject to the repurchase option, as well as fee-simple title to the "agricultural rights" and "timber rights" in the remaining acreage.

In this suit, the appellee's argument, which was accepted by the trial court, is that the appellants, as present owners of the mineral rights to the subject property, have lost these rights under OCGA § 44-5-168 by neither working nor attempting to work the mineral rights, nor paying taxes on them, since the 1910 conveyance. As to OCGA § 44-5-168, supra, see Division 2, infra. The appellee also sought a declaration that the option to repurchase is void as violative of the rule against perpetuities. OCGA § 44-6-1. The trial court ruled in favor of the appellee under OCGA § 44-5-168, supra, and, as a result, did not consider the rule-against-perpetuities issue.

1. At common law there existed a distinction between an indenture and a deed under which a deed was considered to be a conveyance made by one person only, whereas two or more persons were parties to an indenture. *Sterling v. Park*, 129 Ga. 309, 312 (58 SE 828) (1907).[1] This common-law distinction is now obsolete. Id. Therefore, the 1910 conveyance will be referred to hereinafter as a deed.

2. OCGA § 44-5-168, supra, which is the statute under which the appellee is proceeding, was enacted, and became effective, in 1975. *Hayes v. Howell*, 251 Ga. 580 (2) (308 SE2d 170) (1983). Section 44-5-168 (a) provides, "Whenever mineral rights are conveyed or whenever real property is conveyed in fee simple but the mineral rights to such property are reserved by the grantor, the owner of the real property in fee simple or his heirs or assigns may gain title to such mineral rights by adverse possession if the owner of the mineral rights or his heirs or assigns have neither worked nor attempted to work the mineral rights nor paid any taxes on them for a period of seven years since the date of the conveyance and for seven years immediately preceeding the filing of the petition . . ."

In *Hayes v. Howell*, supra, it was held, among other things, that § 44-5-168 can be applied to mineral rights obtained prior to the effective date of the statute, i.e., 1975, although, in accordance with *Nelson v. Bloodworth*, 238 Ga. 264 (232 SE2d 547) (1977), suit cannot be brought under the 1975 Act until seven years after its effective date.[2] In *Hinson v. Loper*, 251 Ga. 239 (304 SE2d 722) (1983), it was held that the owner of the surface rights in that case had not acquired title to the mineral rights, because under subsection (f) of § 44-5-168 the statute does not apply where, as in *Hinson*, the mineral rights have been leased in writing to a licensed mining operator.

3. The appellants argue that the appellee is barred by the recitals in the 1910 deed and, therefore, is estopped to deny the reservation of mineral rights contained therein. We disagree.

" 'It is a well-settled general rule that under ordinary circum-

---

[1] Of course, today one of the basic elements of a deed is designation of a grantee, as well as a grantor. 8 EGL Deeds, § 15 (1978 Rev.). However, as stated in *Sterling v. Park*, 129 Ga., supra at p. 312, "[t]he case of *Scudamore v. Vandenstene*, (1579), cited in 2 Coke's Inst. 573, is grounded upon the common-law distinction between an indenture and a deed. It was there held that a person could not take any immediate benefit under an indenture, or sue on any covenant contained therein, unless he was named as a party thereto. The statement of Lord Coke in that case, that no grant can be made to a person not a party to the deed, was never true except of grants of immediate interests. Norton on Deeds, 24. And was never applied to deeds poll, but was limited to deeds *inter partes*. Norton on Deeds, 24; *Cooker v. Child*, 2 Levinz, 74."

[2] As noted in *Hayes v. Howell*, 251 Ga., supra at p. 582, the enactment of § 44-5-168 was intended to abrogate the rule of *Brooke v. Dellinger*, 193 Ga. 66, 73 (17 SE2d 178) (1941), that mineral rights conveyed in fee simple could not be lost by adverse possession absent adverse use of the minerals themselves.

stances, a grantee of property is not estopped to deny his grantor's title.' 19 Am.Jur. 620, § 23. To the same effect see *Gwinn v. Smith*, 55 Ga. 145 (4); *Phillips v. O'Neal*, 87 Ga. 727 (2) (13 SE 819); *Bright v. Werden*, 171 Ga. 660 (4-6) (156 SE 590); 21 C.J. 1069, § 28. When an estoppel by deed arises, it is limited to an action founded on the deed itself. In a collateral action, there is no estoppel. *Coldwell Co. v. Cowart*, 138 Ga. 233, 237 (75 SE 125); 21 C.J. 1091, § 73." *Hughes v. Cobb*, 195 Ga. 213, 234 (5) (23 SE2d 701) (1942).[3] In addition, if the appellants were correct in this argument, OCGA § 44-5-168, supra, could have no sphere of operation.

4. The appellants also argue that in the 1910 deed the grantor conveyed only the agricultural interest and timber rights, while retaining the mineral rights coupled with an option to repurchase. On this basis, the appellants contend that the 1910 deed should be construed as a lease of the agricultural interest and timber rights with a reservation of fee-simple title in the grantor.

The intention of the parties as reflected by the instrument as a whole determines the nature of the interest conveyed. OCGA § 13-2-3; *Louisville & Nashville R. Co. v. Maxey*, 139 Ga. 541 (1) (77 SE 801) (1913). Viewing all of the language contained in the 1910 deed, it is clear that the intent of the parties was to convey to the grantees fee-simple title to the surface rights, with a reservation in the grantor of mineral rights and an option to repurchase surface rights to additional acreage "needed for the purpose of mining."

5. The appellants further argue that if the repurchase option violates the rule against perpetuities,[4] the conveyance of the agricultural and timber rights should be declared void, with the entire fee in the property reverting to the appellants as the grantor's successors-in-interest.

As authority for this argument, the appellants rely on the rule that when a part of a gift or will is invalid by reason of the rule against perpetuities, the whole scheme of the will or gift is adjudged void if the invalid limitation is adjudged to be an essential part of the general scheme; otherwise, the law gives effect to the limitations not too remote, declaring the others void and thereby vesting the fee in the last taker under legal limitations. E.g., *Thomas v. C & S Nat. Bank*, 224 Ga. 572 (1) (163 SE2d 823) (1968). See *Burton v. Hicks*, 220 Ga. 29 (136 SE2d 759) (1964).

---

[3] As to the distinction between estoppel by deed and estoppel by recitals in a deed, see 11 EGL Estoppel, § 16-137 (1979 Rev.).

[4] Although a perpetual option to purchase land is a direct violation of the rule against perpetuities, an option to purchase within a lease renewable in perpetuity does not violate the rule. *Rose v. Chandler*, 247 Ga. 382 (1) (276 SE2d 28) (1981). Since we have held in Division 4, supra, that the 1910 conveyance is not a lease, it follows that the repurchase option violates the rule against perpetuities under our ruling in *Rose*.

Where, as here, a fee-simple interest in property has been bargained and sold, the underlying fee interest does not revert to the grantor's successors-in-interest if it is determined that an option to repurchase retained by the grantor violates the rule against perpetuities.[5]

6. Finally, the appellants argue that the repeal of former Code § 92-104 renders this action premature.

Former Code § 92-104, supra, provided, "All persons owning any mineral or timber interests, or any other interests in or claim to land less than the fee shall return the same for taxation and pay taxes on the same as on other property; and any person failing to comply with the requirements of this section shall be proceeded against as a defaulting taxpayer." This Code section was repealed in 1978, effective January 1, 1980. Ga. L. 1978, p. 309 et seq. The appellants argue that the appellee's rights under OCGA § 44-5-168, supra, cannot be exercised until January 1, 1987, which will be seven years after the effective date of the repeal of § 92-104.

The appellants are incorrect in their argument that the statutory provisions contained in former Code § 92-104 have been repealed. The 1978 repeal of § 92-104 was part of a recodification of this state's revenue laws, and this recodification was not intended to make any substantive change in our revenue laws except as expressly provided in the reenactment. OCGA Title 8, p. 1, Code commission note. The provisions of former § 92-104 have been reenacted in OCGA §§ 48-5-3 and 48-5-9.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 17, 1985.

*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Fudge & Barrett, Gerald W. Fudge,* for appellants.

*Bivens & Hoffman, L. Brown Bivens, Michael C. Fowler,* for appellee.

---

[5] We do not mean to imply that a rescission action would not lie if the grantor or his successors had moved promptly to rescind the transaction because the option to repurchase surface rights needed for mining purposes was legally invalid.