34529. MORRISON et al. v. STEWART et al.

UNDERCOFLER, Presiding Justice.

Plaintiffs, the children of Kate Morrison, appeal the grant of summary judgment in favor of the defendants, the children of Kate's sister, Bonnie Stewart. The case involves a land line dispute. Plaintiffs have also appealed the ruling by the trial court that they are not the real parties in interest and must substitute the proper party by amendment. We reverse the grant of summary judgment, but affirm the real party in interest question.

1. J. R. Allen, the father of Katie Morrison and Bonnie Stewart, acquired two adjoining farms in 1903. He

died in 1917, and in his will left a life estate in his property to his widow, then one farm to each daughter. The widow died in 1948. Katie had a survey made, in 1957, of her farm and she and Bonnie as grantors deeded the property included in the survey to Katie. In 1965, an error was discovered in the survey, and as a result, Katie quitclaimed a portion of landlot 96, which was erroneously included as part of her property in the survey and deed, back to Bonnie.

This dispute centers on the location of the boundary line between their property in landlots 119 and 120. The plaintiffs claim that this line was also recognized as erroneous in 1965, but was corrected by agreement. No deed was deemed necessary because the error here favored Katie. Since she had never made a deed to the disputed land to Bonnie, a corrective deed was not thought necessary. On the other hand, the defendants contend the land line is correct as shown on the 1957 survey, and there is no evidence of any agreement to the contrary. The trial court agreed and summary judgment was granted for the defendants.

The plaintiffs presented sufficient evidence to create a jury question whether there was a simultaneous agreement concerning the boundary line along landlots 119 and 120. For example, in addition to the plaintiffs' own deposition and affidavit, they offered a statement written by the defendants in 1965, which they contend reflects an adjustment of the defendants' property taxes consistent with their property line agreement. Plaintiffs also rely on the original 1903 deeds describing the two farms[1] and their own survey. Therefore, summary judgment was not authorized and must be reversed.

---

[1]There is no merit to defendants' argument that the 1903 deeds are void for vagueness and should not be considered. Plaintiffs' title to the farm itself, and indeed the defendants' title to theirs, is not in question. However, these deeds constitute some evidence of the location of the land lines and are admissible for that purpose. Nor do we find any estoppel or laches as a matter of law as argued by the defendants in support of the trial court's grant of

We need not reach the plaintiffs' enumeration regarding the admissibility of the affidavit of Radford Grant since we are holding that summary judgment was improperly granted.

2. The trial court also ruled that the three children of Kate Morrison are not the real parties in interest.[2] Although it allowed them sixty days to amend, the plaintiffs enumerate this decision as error.

Katie Morrison died in 1968 leaving two wills in the possession of plaintiffs, neither one of which appears to have been probated. Code Ann. § 113-901 provides: "Upon the death of the owner of any estate in realty, which estate survives him, the title shall vest immediately in his heirs at law, subject to be administered by the legal representative, if there is one, for the payment of debts, the purposes of distribution, and other purposes provided for in this Title. If there is a legal representative, the right to recover such realty shall be in him; if there is none, the heirs may sue in their own names. . ." "Therefore, it is the rule that if there is a legal representative, the right to recover realty shall be in him; if there is none, the heirs may sue in their own names." 2 Redfearn, Wills and Administration in Georgia (3d Ed.) 12, 13, § 277. Nevertheless, we affirm the trial court. A judgment in this action would not bind the executor and in our opinion the trial court had the authority to determine that he was needed for a just adjudication of the case. Code Ann. § 81A-119.

There is no merit to the plaintiffs' contention that the trial court could not consider the defendants' real party in interest claim at the same time that it ruled on their motion for summary judgment.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED FEBRUARY 20, 1979 — DECIDED APRIL 5, 1979.

---

summary judgment.

[2]The defendants, the children of Bonnie, acquired their interest in her farm by deed in 1971. She is still living.

*Bray & Johnson, H. Michael Bray,* for appellants.
*Donald J. Snell, John S. Thompson,* for appellees.