44039. DUBBERS-ALBRECHT et al. v. NATHAN et al.
(356 SE2d 205)

GREGORY, Justice.

The appellants are the fee owners of a tract of land comprising approximately 625 acres in Jeff Davis County. The appellees own the mineral rights to that tract as tenants-in-common. Appellants filed a petition for declaratory judgment, seeking a determination under OCGA § 44-5-168[1] that they had gained title to the mineral rights by adverse possession on the grounds the appellees had neither attempted to work the mineral rights nor paid taxes on them for seven years preceding the filing of the petition. The trial court granted summary judgment to the appellees and this appeal followed.

It is undisputed that none of the appellees has worked the minerals during the applicable seven-year period. It is also undisputed that at least three of the appellees have paid state and federal estate taxes on the mineral rights, and that none of the mineral rights owners,

---

[1] OCGA § 44-5-168 (a) provides, "Whenever mineral rights are conveyed or whenever real property is conveyed in fee simple but the mineral rights to such property are reserved by the grantor, the owner of real property in fee simple or his heirs or assigns may gain title to such mineral rights by adverse possession if the owner of the mineral rights nor his heirs or assigns have neither worked nor attempted to work the mineral rights nor paid any taxes on them for a period of seven years since the date of the conveyance and for seven years immediately preceding the filing of the petition provided for in subsection (b) of this Code section."

with the exception of B. G. Byars, has paid ad valorem taxes on the mineral rights during the applicable seven-year period.

1. In granting summary judgment to the appellees the trial court reasoned that the payment of ad valorem taxes by Byars inured to the benefit of the other co-tenants and would therefore defeat the appellant's adverse possession claim under OCGA § 44-5-168 (a).

However, the only evidence in the record regarding payment of ad valorem taxes on the mineral rights in question is the affidavit of the Tax Commissioner for Jeff Davis County. She states that "None of the above-named defendants, nor their heirs, successors or assigns have paid taxes on the mineral rights of that property described . . . in the above-styled complaint for declaratory judgment for seven (7) years immediately preceding the date of this affidavit [July 11, 1984], with the exception of B. G. Byars. . . ."

On motion for summary judgment the mineral rights owners had the burden of establishing that there is no issue of fact with regard to the payment of taxes. The affidavit of the Tax Commissioner is ambiguous on this point. The record indicates that Byars owns an undivided 1/64 interest in the mineral rights in question. Each of the other appellees owns an undivided interest in the same mineral rights. If Byars returned his own property for taxes, he would return an undivided 1/64 interest. If Byars paid ad valorem taxes on this interest, it would mean that ad valorem taxes had not been paid on the remaining interests in the mineral rights, during the seven-year period, and the mineral rights, with the exception of Byar's interest, would be subject to the rule for adverse possession under OCGA § 44-5-168. If, however, Byars returned the mineral interest in the entire tract for taxes and paid ad valorem taxes on all of the mineral rights during the seven-year period, the appellants could not prevail on their adverse possession claim. Because there is an issue of fact as to the ad valorem taxes paid by Byars, the trial court erred in granting the appellees' motion for summary judgment.

2. We reject the appellees' argument that payment of either state or federal estate taxes by a mineral rights owner will defeat an adverse possession claim by the owner of the fee under OCGA § 44-5-168 (a). OCGA §§ 48-5-10 and 48-5-15 (a) place a duty on the owner of improved and unimproved real property subject to taxation to return the property annually for ad valorem taxes to the tax commissioner of the county in which the property is located. We have stated that "[t]he preservation of the mineral owner's claim under OCGA § 44-5-168 [depends] only upon his use of the minerals *or returning them for taxes.*" *Hayes v. Howell,* 251 Ga. 580, 583 (308 SE2d 170) (1983). (Emphasis supplied.) We hold that to retain his interest in the mineral rights, the owner must attempt to work or work the mineral rights *or* return the property for and pay ad valorem taxes. The pay-

ment of state or federal estate taxes on the interest of the mineral rights owner does not further the purposes of OCGA § 44-5-168, as there is no assurance payment of such taxes will be required or occur during the seven-year period.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 27, 1987.

*Glass, McCullough, Sherrill & Shaifer, Robert S. Jones,* for appellants.

*Paul J. Quiner, E. Penn Nicholson III, Wendy L. Hagenau,* for appellees.