## S90A0590. PHILLIPS v. PHILLIPS.
(392 SE2d 523)

SMITH, Presiding Justice.

Clyde Leon Phillips devised to his son Jerry Lamar Phillips, the appellant, two tracts of land subject to the stipulation that the property could not be sold, mortgaged, encumbered, or otherwise disposed of for a period of ten years. In her capacity as executrix of Clyde Leon Phillips' estate, the appellee Mattie Elizabeth Phillips, the testator's widow, executed a deed of assent which included the alienation restriction adopted from Item 4 of the will. The deed of assent was duly recorded. The appellant initially filed this action in Talbot Superior Court seeking to strike the restriction from the deed. The court refused to do so.

The appellant now asks this Court to strike that portion of the deed dealing with the restriction of alienation, arguing that the deed of assent violates the common-law prohibition against restraints on alienation or, alternatively, that it violates the provisions of OCGA § 44-6-43. We also decline.

The answer to the appellant's problem lies not in an attack on the deed of assent but, rather, in an attack on the enforcement or effect of the provisions of the will. The appellant's title is derived from the will and the deed of assent merely perfects the inchoate title of the devisee. See *Pope v. Stanley*, 202 Ga. 180 (42 SE2d 488) (1947) and *State Highway Dept. v. Stewart*, 104 Ga. App. 178 (121 SE2d 278) (1961). The purpose of the deed of assent is to show to the recipient of the deed, and others, that all debts are paid and that the estate is settled. OCGA § 53-2-108. See also Pindar, Ga. Real Est. Law, § 16-43 (3d ed. 1986). If the appellant's request was granted and the deed of assent was reformed, he would be in no better position than he is now because his title to the property descends directly through the will.

Inasmuch as title to the land is provided by the will, the appellant pursued the wrong remedy when he attacked the deed of assent, and the trial court correctly denied the appellant's motion to reform the deed.

*Judgment affirmed. All the Justices concur.*

FLETCHER, Justice, concurring.

I agree with the majority that appellant's attack upon his mother's assent to the devise is unavailing for the relief sought here. I

write to suggest, however, that some other proceeding, such as a complaint for declaratory judgment or a complaint under the Quiet Title Act of 1966, 1966 Ga. L., p. 443 (codified at OCGA § 23-3-60 to -72), might reach the substantive issue the disposition of this appeal leaves unresolved. As for the issue itself, see, e.g., *Freeman v. Phillips*, 113 Ga. 589, 591 (38 SE 943) (1901); *Floyd v. Hoover*, 141 Ga. App. 588, 590-91 (234 SE2d 89) (1977).

I am authorized to state that Justice Weltner joins in this concurrence.

DECIDED JUNE 21, 1990.

*Michael P. Katz,* for appellant.
*Byrd & Anthony, Lovick P. Anthony, Jr.,* for appellee.