S90A0316. GEORGIA MARBLE COMPANY v. WHITLOCK et al.
(392 SE2d 881)

BELL, Justice.

This appeal concerns, inter alia, the constitutionality of Georgia's statute for the lapse of mineral interests or rights,[1] OCGA § 44-5-168,

---

[1] We use the terms mineral interests and mineral rights interchangeably in this opinion.

and whether defendant-appellant Georgia Marble Company has failed to pay taxes due on the mineral interest that is the subject of this litigation and thus has lost that mineral interest under § 44-5-168. The trial court held the statute constitutional and ruled that Georgia Marble had lost its mineral interest. We affirm.

Plaintiffs-appellees, Cecil and Coleen Whitlock, are the fee owners of approximately 120 acres in the eastern portion of Land Lot 125 of the 4th District, 2nd Section, Pickens County. Georgia Marble obtained its mineral interest on the Whitlock's property in 1924.

Relying on § 44-5-168, the Whitlocks filed this action on September 30, 1987, to gain title by adverse possession to Georgia Marble's mineral interest in the Whitlocks' property. That statute provides, in relevant part, that when mineral rights have been conveyed, the owner of the real property in fee simple may gain title to such mineral rights by adverse possession if the owner of the mineral rights has neither worked nor attempted to work the mineral rights, nor paid any taxes due on them for the seven years immediately preceding the filing of a petition to gain title by adverse possession. As this Court has previously noted,

> it might be more accurate to say that under this statute the owner of the mineral rights loses them by nonuse plus nonpayment of taxes, as opposed to losing such rights by adverse possession of the fee simple owner. [*Hinson v. Loper*, 251 Ga. 239, 240 (304 SE2d 722) (1983).]

Georgia Marble admitted that it had not worked or attempted to work the mineral rights, but alleged it had paid taxes on the mineral rights.

The parties submitted the case to the trial court for decision on a written record. The issues before the trial court included whether lump-sum tax payments Georgia Marble had made on unspecified property constituted the payment of taxes on the Whitlock mineral interest within the meaning of § 44-5-168, and, if not, whether any tax documents indicated that the Whitlock mineral interest had been specifically returned or that the interest specifically had been considered, valued, and assessed. Georgia Marble also attacked § 44-5-168 as unconstitutional.

The evidence included returns by Georgia Marble, tax digests, property cards, maps, and lists of property. Some of these documents dated from the 1960s. The evidence showed that in the early 1970s Pickens County changed its billing procedures for property taxes. Before the change in procedure, Pickens County would individually list on its digests all taxpayers' properties and the tax due thereon. After the change, Pickens County would not individually list all

properties but would merely show on the tax digest a lump-sum valuation and the amount of taxes due. Also submitted for the court's consideration was a 1982 agreement between Georgia Marble and Pickens County tax officials, the purpose of the agreement being to permit Georgia Marble to avoid the loss of unmined mineral interests under § 44-5-168, by filing a general annual return for all mineral rights owned by Georgia Marble without specifying those rights in any way and by paying an annual lump sum as the taxes for the unspecified rights.

As the tax digests for the relevant tax years only indicated a lump-sum valuation of property and the amount of tax due thereon, the court found it necessary to look to evidence extrinsic to the digests to determine whether Georgia Marble had paid the taxes due on the mineral interest at issue in this case. The trial court held that § 44-5-168 would be satisfied either if Georgia Marble had returned the mineral interest or if tax officials had considered and valued it. The court reasoned that in either of those events, it would be reasonable to infer that Pickens County tax officials included the tax due on the interest in the lump-sum reflected on the tax digests.[2] After examining evidence exclusive of the 1982 agreement, the court found that Georgia Marble had never returned its mineral interest in the Whitlocks' property, and that Pickens County tax officials had never considered and valued the mineral interest. Moreover, regarding the 1982 agreement, the court found that Georgia Marble had a duty to return all of its mineral interests under OCGA §§ 48-5-10 and 48-5-15; that Pickens County tax officials had no authority to accept the return of property except as provided by law, § 48-5-15 (c); and that Georgia Marble could not rely on the tax officials' decision to permit it to return and pay taxes in any manner other than that provided by law. The court concluded that Georgia Marble did not pay taxes on its mineral interest in the Whitlocks' property for the tax years in question, and that under § 44-5-168 Georgia Marble had lost its mineral interest. The trial court also concluded that § 44-5-168 was constitutional.

1. In its first enumeration of error Georgia Marble argues that the

---

[2] We agree with the court that § 44-5-168 would be satisfied by the return of the mineral interest and a lump-sum payment of tax on unspecified property. However, we note that this principle might be subject to an exception (not presented by the facts of this case) if other evidence showed that tax officials, through inadvertence or otherwise, had not included the tax due on the mineral interest within the lump-sum tax on the tax digest.

Moreover, we assume, for purposes of this opinion, that the court correctly interpreted § 44-5-168 by ruling that actual consideration and taxation by local tax officials (plus a lump-sum payment) would be sufficient compliance, even absent a return. However, we note that we make this assumption because the correctness of the interpretation was not cross-appealed and because Georgia Marble did not meet the requirement.

trial court erred in concluding that Georgia Marble had lost its mineral interest.

(a) Georgia Marble argues that the trial court erred in concluding that it did not specifically return its mineral interest in the Whitlock property for the tax years in question. Georgia Marble contends that it did specifically return the interest and that therefore the lump-sum payments on the tax digests included the payment of taxes on its mineral interest in the Whitlock property. However, our review of the record shows the trial court correctly concluded that Georgia Marble did not specifically return the interest from 1980 to 1987.

(b) Georgia Marble also argues that, even if it did not specifically return its interest for the tax years 1980 to 1987, it did specifically return that interest in prior years. According to Georgia Marble, it was therefore deemed under OCGA § 48-5-20 (a) to have returned that mineral interest on the ground the interest had been returned before 1980. However, the evidence shows that Georgia Marble did not return its interest in the Whitlock property before 1980. Accordingly, § 48-5-20 (a) has no application to this case.

(c) Georgia Marble contends that the tax digests were sufficient by themselves to show it had paid taxes on the Whitlock property, and that the trial court therefore erred in reviewing documents extrinsic to the tax digests to determine that question. We find the court did not err. The tax digests do not reveal in any fashion the properties for which the lump-sum taxes were being paid. Accordingly, to determine whether the lump-sum payments on the tax digests from 1980 to 1987 included payments on the mineral interest in the Whitlock property, the trial court was forced to review other evidence (such as tax returns, property cards, and maps and lists of property in the tax assessor's office) to determine whether the mineral interest in the Whitlock property was considered and valued for tax purposes.

(d) Georgia Marble also contends that, even if no other evidence shows that the mineral interest in the Whitlock property was specifically considered for tax purposes from 1980 to 1987, under its 1982 agreement with Pickens County, Georgia Marble should be deemed to have paid the taxes due on the Whitlock mineral interest within the meaning of § 44-5-168. In this regard Georgia Marble argues that § 44-5-168 is a departure from the common law and therefore should be strictly construed. Georgia Marble moreover argues that § 44-5-168 should be construed to avoid a forfeiture if possible.

For the reasons we will give below, we conclude as a matter of law that the agreement between Georgia Marble and Pickens County tax officials cannot constitute the payment of taxes due, within the meaning of § 44-5-168, on Georgia Marble's mineral interest in the Whitlock property.

Beginning with its 1982 return Georgia Marble did not attach a separate list of mineral interests to its tax returns or list its interests on the returns (both of which it had done in previous years), but did attach letters to the returns, stating that "an additional return is being made to cover all mineral rights presently owned by the Georgia Marble Company." From 1982 to 1987 Georgia Marble returned these unspecified mineral interests as having values ranging from $75,000 to $110,000. These letters and returns of unspecified mineral interests reflect an agreement between Georgia Marble and Pickens County tax officials that Georgia Marble would pay taxes on the lump-sum valuation to protect all of Georgia Marble's mineral interest from loss under § 44-5-168.

Georgia Marble has cited two rules of statutory construction, but we find two other rules controlling — that statutes should be construed in pari materia with other statutes and that courts should strive to give effect to the purpose of a statute. As one of the purposes of § 44-5-168 is to encourage the collection of taxes, *Hayes v. Howell*, 251 Ga. 580, 585 (2 b) (308 SE2d 170) (1983), § 44-5-168 must be considered in pari materia with Georgia's tax statutes, to determine what constitutes the payment of taxes due under § 44-5-168.

To accomplish the proper collection of taxes, the General Assembly has established a taxing scheme calling for all property to be returned with specificity. OCGA §§ 48-5-10; 48-5-15. The General Assembly has also provided that local tax officials must only accept the return of property as provided by law. OCGA § 48-5-15 (c). The reason for these rules is obvious: if local·tax officials do not know of certain property, they cannot undertake to see that it is properly and fairly taxed. See generally *Dubbers-Albrecht v. Nathan*, 257 Ga. 111, 112 (2) (356 SE2d 205) (1987), in which we recognized the importance of the taxing scheme within the context of § 44-5-168.

The agreement between Georgia Marble and Pickens County was in violation of the taxing laws, and defeats one of the purposes of § 44-5-168 — the collection of taxes on mineral interests. Therefore, we find as a matter of law that the agreement is not sufficient to constitute the return of the Whitlock mineral interest, and that the taxes paid on the lump-sum valuation under the agreement cannot be deemed to constitute the payment of taxes due on that interest.[3]

(e) To summarize, as the record supports the trial court's findings that Georgia Marble failed to return the property, and that local tax

---

[3] Not presented by the facts of this case is the issue whether tax payments made pursuant to such agreements can constitute the payment of taxes due on property that previously had been returned specifically (and thus are deemed to be returned year after year under § 48-5-20 (a)) or on property that a taxpayer notified the taxing authorities of when such an agreement was entered. See Division 1 (a) and (b), supra.

officials did not consider and value the property and assess taxes on it to Georgia Marble, we conclude that the trial court correctly found that Georgia Marble did not pay the taxes due on its interest in the Whitlock property. Accordingly, the trial court properly concluded that Georgia Marble had lost its mineral interest under § 44-5-168.

2. Georgia Marble next argues that § 44-5-168 is unconstitutional in that it effects an uncompensated taking of Georgia Marble's property. We disagree.

OCGA § 44-5-168 gives the owners of severed mineral interests three ways to protect their property: they may work the rights; they may attempt to work the rights; they may pay taxes on the rights. Only if the owner fails to comply with the State's requirements for seven years will the owner's mineral interests lapse and return to the owner of the fee. There is no question that "the State has the power to condition the permanent retention of [these] property right[s] on the performance of reasonable conditions that indicate a present intention to retain the interest." *Texaco v. Short*, 454 U. S. 516, 526 (102 SC 781, 70 LE2d 738) (1982). Such conditions are a "reasonable exercise of the police power" of the State. *Hayes v. Howell*, supra, 251 Ga. at 585 (2 b). Accord *Texaco v. Short*, supra, 454 U. S. at 529-530.

Since, under the exercise of its police powers, the State may treat as abandoned a mineral interest that has been neither used nor returned for taxes for seven years, *Hayes v. Howell*, supra, 251 Ga. at 584-585; *Texaco v. Short*, supra, 454 U. S. at 530, "it follows that, after abandonment, the former owner retains no interest for which he may claim compensation." *Texaco v. Short*, supra, 454 U. S. at 530. Moreover, § 44-5-168 "does not divest the mineral owner of his rights; it conditions the retention of those rights upon the requirements of either using them or paying taxes upon them for the public benefit." *Hayes v. Howell*, supra, 251 Ga. at 585. Thus, under the statute, the State has not taken Georgia Marble's property; Georgia Marble has simply failed to make any use of the property or pay taxes on it, and has let its rights in the property lapse. *Texaco v. Short*, supra, 454 U. S. at 530.

Accordingly, we find that § 44-5-168 does not work a taking of property without just compensation.

3. We find no merit in Georgia Marble's remaining contentions. *Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 1990 —
RECONSIDERATION DENIED JULY 26, 1990.

*Phears & Dailey, H. Wayne Phears, Michael A. Dailey, Victor L. Moldovan,* for appellant.

*Robert S. Jones,* for appellees.