S01A1373. SCOTT et al. v. SOUTH TRUST ASSET
MANAGEMENT COMPANY et al.
(555 SE2d 732)

SEARS, Presiding Justice.

One of the appellees, South Trust Asset Management Company, is trustee of a trust that all the parties agree violates the rule against

perpetuities. South Trust petitioned the trial court for direction regarding the payment of the assets of the trust. Pursuant to OCGA § 44-6-205 (b),[1] the trial court reformed the trust to provide that upon the death of the testator's son, the lineal descendants of the son would receive the income from the trust for 21 years or until the death of the last surviving lineal descendant, whichever first occurred. The trial court also ruled that at the end of that time period, the corpus of the trust would be distributed to the then living lineal descendants of the son, if any, and if there were no living lineal descendants of the son, the corpus would be distributed to two charities named in the testator's will. Contrary to the appellants' contention, we conclude that the trial court properly reformed the trust pursuant to the authority of § 44-6-205 (b),[2] and, accordingly, we affirm the trial court's judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 30, 2001.

*Crain & Davis, Michael O. Crain, Morgan & Morgan, Lee P. Morgan*, for appellants.

*Thurbert E. Baker, Attorney General, Grace E. Lewis, Senior Assistant Attorney General, Bloodworth & McSwain, Laurin M. McSwain, James W. Hass, Jr., Smith, Gambrell & Russell, Edward K. Smith, Alex W. Smith, Edward W. Gadrix, Jr.*, for appellees.

---

[1] OCGA § 44-6-205 (b) provides as follows:

With respect to a nonvested property interest or a power of appointment that was created before May 1, 1990, and that violates the rule against perpetuities as that rule existed before May 1, 1990, a court upon the petition of an interested party may exercise its equitable power to reform the disposition in the manner that most closely approximates the transferor's manifested plan of distribution and is within the limits of the rule against perpetuities applicable when the non-vested property interest or power of appointment was created.

The nonvested property interests in this case were created before 1990.

[2] For a discussion of the Uniform Statutory Rule Against Perpetuities, OCGA §§ 44-6-200 to 44-6-206, which Georgia adopted in 1990, see Chaffin, *Georgia's Proposed Dynasty Trust: Giving the Dead Too Much Control*, 35 Ga. L. Rev. 1, 10-14, and 25-26 (2000). Chaffin notes that some of the provisions of the Uniform Statutory Rule, including the reformation provisions, have helped eliminate "the traps infiltrating the common law Rule [Against Perpetuities] that often defeated a client's estate plan and exposed the attorney to possible liability." Id. at 26, n. 124. Chaffin also notes that "[p]erpetuities litigation has been nonexistent in Georgia since the enactment of the [Uniform Statutory Rule Against Perpetuities]. The writer has discovered no Georgia appellate cases involving the Rule Against Perpetuities since 1990." Id. at 11, n. 55. See also Sarajane Love, Redfearn Wills and Administration in Georgia, § 175.1 (5th ed. 1996 Supp.).