S04A1990. STRICKLAND v. CMCR INVESTMENTS, LLC.
(610 SE2d 71)

HINES, Justice.

This is an appeal from the grant of summary judgment in favor of the defendant purchaser of real property in a dispute about the size and boundaries of a cemetery. For the reasons which follow, we affirm.

On December 9, 1901, R. J. Strickland attempted to convey to his two sons, H. W. Strickland and D. H. Strickland, a half-acre portion of his property located in Forsyth County Land Lot No. 975 for use as a cemetery.[1] Sometime between 1930 and 1950, a fence was erected

---

[1] It is undisputed that the one-half acre sought to be conveyed was part of a larger tract owned by the grantor.

around a part of the property which contained graves. Through the years, the property around which the graves were located was owned by the descendants of R. J. Strickland, including his great grandson, Carl Strickland. After Carl Strickland's death, his wife, Lillie Mae Strickland, obtained the property in 1958 pursuant to a petition for a year's support.[2] Lillie Mae Strickland sold the property to CMCR Investments, LLC ("CMCR") on January 21, 2001.

At the time of contracting for the purchase, CMCR relied on two separate land surveys that showed that a cemetery on the property was 0.076 acres and wholly located within the fence's boundaries. After Lillie Mae Strickland's death in 2001, family members produced a copy of the 1901 deed purporting to convey an interest for a cemetery of 0.5 acres.

Thereafter, Roy Strickland ("Strickland"), claiming to be an heir under the 1901 deed, filed a "Complaint for Damages, Ejectment, Establishment of Boundary Line, Trespass, Attorney Fees, and Costs" against CMCR.[3] The suit sought to establish a boundary line encompassing the grave sites which would make the cemetery property 0.5 acres, to eject CMCR from that portion of the cemetery property claimed to lie outside the fence, to recover damages for trespass, to recover punitive damages and attorney fees, and to enjoin CMCR from further grading of the alleged cemetery land surrounding the fenced area.[4]

Strickland filed a "Motion for Partial Summary Judgment for Establishment of a Boundary Line and for Ejectment"; the gravamen of the motion was an attempt to show that Lillie Mae Strickland did not gain title to the property surrounding the graves by adverse possession, and consequently, that she could not grant title to such property to CMCR. CMCR moved for summary judgment on Strickland's claims. The issue of Strickland's standing to bring the lawsuit was raised. Strickland moved to add an additional 62 party plaintiffs to the action.

Assuming that Strickland had standing to bring the action,[5] the trial court granted summary judgment to CMCR on all of Strickland's

---

[2] The award of a year's support described the property as:
All that tract or parcel of land lying and being in the Second District and First Section of Fulton and Forsyth Counties, Georgia, And being all of the Eastern half of Land Lot No. 975, except 1/2 Acre more or less, near the Northeastern Corner of Land Lot No. 975, Where the Strickland [Cemetery] is now located. Both containing approximately 39 1/2 acres.

[3] Initially, James Strickland and George Strickland were also named as defendants, as co-executors of the estate of Lillie Mae Strickland; however, subsequently they were dismissed from the suit.

[4] There appears to be no controversy regarding the area of the grave sites inside the fence.

[5] The trial court did not specifically rule on Strickland's motion to add additional plaintiffs.

claims.[6] The trial court found specifically that Strickland's causes of action for the establishment of a boundary line and ejectment failed because neither the 1901 deed nor extrinsic evidence he presented established the boundaries of any cemetery as containing 0.5 acres; the claims for compensatory and punitive damages based upon trespass failed because there was no evidence that CMCR had trespassed on any land; and an award of attorney fees to Strickland would be improper inasmuch as he had been unable to establish any cause of action pled in the complaint.

1. Strickland contends that the trial court erred in granting judgment to CMCR by "summarily, judicially declaring the 1901 [d]eed as invalid." But such contention is unavailing.

The sufficiency of the description of property in a deed is a question of law for the court. *Pirkle v. Turner*, 277 Ga. 308 (1) (588 SE2d 733) (2003). In fact, "[a] deed wherein the description of the property sought to be conveyed is so vague and indefinite as to afford no means of identifying any particular tract of land is inoperative either as a conveyance of title or as color of title." *Wisener v. Gulledge*, 251 Ga. 419 (306 SE2d 642) (1983), quoting *Crawford v. Verner*, 122 Ga. 814 (1) (50 SE 958) (1905). That is precisely the situation in this case. The 1901 deed purports to convey:

> all that tract or parcel of land lying and being in the Second Dist. and first sec. of Forsyth County, the same being one half acre near the North East Corner of land lot No. 975-nine hundred and seventy five, and lying north of the Alpharetta and Cumming public road and being the burial ground known as the Hardy Strickland Graveyard, and the same is to be held and used for grave yard purposes.

As the trial court found, the deed did nothing more than establish that the conveyance was to be for one-half acre, *near* the northeast corner of a land lot lying *north* of a certain public road. There is no metes or bounds description, no reference to pins or markers or any object, natural or manmade, to establish any boundaries of the cemetery, or even an attempt to set forth the shape of the plot. The language in the deed is too vague and indefinite to serve as a legal description. See *Windom v. Robinson*, 222 Ga. 803, 804 (152 SE2d 743) (1966); *Bennett v. Rewis*, 212 Ga. 800, 802 (96 SE2d 257) (1957).

The trial court also considered whether the deed contained any "key" to identify the intended conveyance. See *Kauka Farms v. Scott*,

---

[6] Because of its ruling, the trial court found that Strickland's motion for an injunction was moot.

256 Ga. 642, 644 (352 SE2d 373) (1987); *Smith v. Wilkinson*, 208 Ga. 489 (67 SE2d 698) (1951); *Bruce v. Strickland*, 201 Ga. 526 (2) (40 SE2d 386) (1946). As noted by the trial court, the " 'key' refers to 'a state of facts or circumstances existing at the time the deed is executed,' " and "the key must lead to boundaries in existence at the time of the execution of the conveyance." *Kauka Farms v. Scott*, supra at 644 (1). But there is no such key in this case.

Strickland now takes issue with the trial court's interpretation of what he calls the "key in the deed theory," and argues that the references in the deed to district, section, nearness to a numbered land lot, location north of a public road, and a named burial ground provide five "keys" sufficient to uphold the deed. But the argument does nothing more than highlight the vague language in the deed, which renders it ineffective. None of these terms in the deed, singly or collectively, pinpoint the location of the intended conveyance. Compare *Kauka Farms v. Scott*, supra.

Strickland also points to the testimony of W. H. Strickland, an apparent descendant of a grantee of the deed, that around 1920 he had been shown metal stakes at each corner of the one-half acre plot. But as the trial court properly found, such testimony did not aid in establishing the bounds of a 0.5 acre cemetery. W. H. Strickland was unable to provide even an approximate location of the stakes or where they should presently be found.[7]

2. Strickland further contends that the trial court erred in granting summary judgment to CMCR and in failing to grant partial summary judgment in his favor because even if the 1901 deed is void, there is no evidence of record of Lillie Mae Strickland's adverse possession of the real property in question. But even assuming arguendo that was the case, such a lack of evidence would be of no moment in regard to Strickland's claims. The 1901 deed on which his claims are based is void. See Division 1, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 7, 2005 —
RECONSIDERATION DENIED MARCH 28, 2005.

*Robert P. McFarland*, for appellant.

---

[7] Strickland further complains of the alleged removal or destruction of the markers in the grading of the property as CMCR's spoliation of evidence. Quoting scripture, he urges that the alleged spoliation should provide an "exception" to the invalidation of the deed. However, it does not appear that the issue of spoliation was raised before and ruled upon by the trial court. What is more, Strickland has failed to present any evidence that CMCR destroyed or failed to preserve evidence that was necessary to *contemplated* or *pending* litigation. *Bridgestone/Firestone North American Tire v. Campbell*, 258 Ga. App. 767, 768 (574 SE2d 923) (2002).

*Holland & Knight, Sara L. Doyle, Gregory J. Digel*, for appellee.