295 Ga. 195
FINAL COPY

S14A0273, S14X0274.  CARTERSVILLE RANCH, LLC v. DELLINGER et al.; and vice versa.

THOMPSON, Chief Justice.

This appeal and cross-appeal involve a dispute over the legal ownership of mineral rights to land located in Bartow County, Georgia.  On cross-motions for summary judgment, the trial court determined that appellee, James R. Dellinger, Jr. (Dellinger) held a legally enforceable interest in the mineral rights and granted summary judgment in his favor on claims filed by appellant, Cartersville Ranch, LLC (Cartersville Ranch).  For the reasons that follow, we affirm the decision in the main appeal and dismiss the cross-appeal as moot.

"On appeal from the grant of summary judgment, this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." Shekhawat v. Jones, 293 Ga. 468, 469 (746 SE2d 89) (2013) (quoting Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd., 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).  So viewed, the evidence on summary

judgment shows the following.

Cartersville Ranch owns the surface rights to approximately 211 acres of land in Bartow County, Georgia. Cartersville Ranch's predecessor-in-title, L. L. Cline, acquired the surface rights to this property from W. C. Satterfield pursuant to a 1918 deed in which Satterfield, as grantor, sought to convey all the property he owned in Land Lot 270 of the 5th District and 3rd Section of Bartow County to grantee, Cline, while reserving the mineral rights.[1] The 1918 deed identifies this property as consisting of *all* of Land Lot 270 with the exception of a small portion of land owned by M. G. Dobbins.[2] The language of the reservation of rights in the deed reads as follows:

> . . . and also excepting and reserving all ores, minerals, and mineral substances upon and in said lot of land, along with the right to mine and remove same; Provided, however, that should said first party,

---

[1] Although Land Lot 270 contains 220 acres, Cartersville Ranch does not own surface rights to approximately four acres in the northwest corner and three acres in the southeast corner.

[2] Previously this property was owned by W. C. Satterfield's father, George Satterfield, who died in 1911. Pursuant to the terms of his will, George Satterfield's entire estate was left to his three sons, all of whom were named executors and received an equal share in the estate. While it is unclear how and when W. C. Satterfield acquired more than a 2/6's interest in this particular property, the evidence shows that in 1918 a tax return was filed by him as the owner of Land Lot 270, identifying the property as "160 acres of wild land." There is no dispute in this case as to W. C. Satterfield's ownership of or conveyance to Cline of the entirety of Land Lot 270 minus only the Dobbins parcel consisting of a few acres.

2

or his assigns, desire to make and Maintain Mud dams, dumps, ponds or ditches upon the west half of said lot 270, and in that event said party of the first part, his heirs or assigns, shall pay second party, his heirs or assigns for the land so used for dumps, and dams, ponds or ditches at the rate of Thirty-five ($35.00) Dollars per acre.

W. C. Satterfield died in 1923 leaving his entire estate, including the reserved mineral rights, to his wife, Mary Cobb Satterfield. Through testamentary succession, evidenced in part by an Executor's Deed of Distribution dated April 30, 1983, the reserved mineral rights eventually passed to Dellinger as sole surviving heir of W. C. and Mary Cobb Satterfield's daughter, Evelyn Satterfield Dellinger. Along with other property, the 1983 Executor's Deed conveyed to Dellinger "the mineral interest and mining privileges in 155 acres, more or less, of Lot 270 in the 5th District and 3rd Section of Bartow County, Georgia."

Cartersville Ranch commenced this action by filing a petition for declaratory relief against Dellinger and others[3] seeking to extinguish the

---

[3] Cartersville Ranch named as defendants in both the original and amended complaints
   The Heirs, Assigns, and Legal Representatives of Mary Cobb Satterfield, Known or Unknown, including the Heirs, Assigns, and Legal Representatives of Evelyn Cobb Satterfield (a/k/a Evelyn Satterfield Dellinger), James R. Dellinger, Jr., as heir of Evelyn Satterfield Dellinger and as trustee and beneficiary of the trust created in the will of Evelyn Satterfield Dellinger), and Any Other Persons Claiming or Having an Interest in Certain Mineral Rights

reserved mineral rights by adverse possession pursuant to OCGA § 44-5-168 (the Mineral Lapse Statute) based on non-use of the rights and non-payment of taxes for the previous seven years. Dellinger answered the complaint, admitting that all the mineral rights at issue in this action had passed through testamentary succession to him and asserting that he was the exclusive owner of the mineral interests reserved under the 1918 deed.[4] Dellinger further asserted that he had for tax year 2011 and prior years continuously paid the taxes on these mineral interests as assessed by Bartow County.[5]

Cartersville Ranch thereafter amended its complaint to additionally argue that the reservation of mineral rights in the 1918 deed created an indefinite purchase option which violated Georgia's Rule Against Perpetuities such that

---

in Land Lot 270 of the 5th District and 3rd Section of Bartow County.

[4] Cartersville Ranch alleged and Dellinger admitted in the pleadings that the mineral rights to Land Lot 270 reserved by the grantor had passed via testamentary succession to Dellinger's grandmother, to his mother and eventually to him. The trial court found it undisputed that Dellinger was the only person claiming an interest in the reserved mineral rights at issue in this case. See Georgia-Pacific, LLC v. Fields, 293 Ga. 499, 501 (748 SE2d 407) (2013) (admissions or allegations appearing in the pleadings are admissions in judicio and, if not withdrawn, are conclusive of the facts contained therein).

[5] Official records of the Tax Assessor's Office of Bartow County show the property owner of 213 acres of mineral rights in Land Lot 270 is listed as the George Satterfield Estate. The evidence also shows Dellinger personally paid the assessed ad valorem taxes billed by the county on this property for a number of years since 1999, including the years of 2010, 2011 and 2012.

the reservation clause was void ab initio. Dellinger denied the additional allegations and filed a counterclaim seeking, among other things, a declaration that he remained sole owner of the mineral rights to all the property owned by Cartersville Ranch in Land Lot 270. Dellinger moved for summary judgment on Cartersville Ranch's claims, and Cartersville Ranch filed both a response and cross-motion for summary judgment in which it argued for the first time that the conveyance of the mineral rights from Dellinger's mother to Dellinger was unenforceable because the description of the mineral rights in the 1983 Executor's Deed was too vague or indefinite to be enforced. Cartersville Ranch also objected to Dellinger's affidavit filed in support of his summary judgment motion. Despite the fact that Dellinger had not yet had an opportunity to respond to Cartersville Ranch's submissions, the parties agreed to argue both motions at the previously scheduled hearing. At the end of the hearing, the trial court agreed to allow time for each party to submit one final response brief. Thereafter, Dellinger filed a supplemental brief with four supporting affidavits. Cartersville Ranch also filed a supplemental brief and objected to Dellinger's additional affidavits as late-filed evidence.

The trial court granted Dellinger summary judgment on Cartersville

Ranch's claims and denied Cartersville Ranch's cross-motion finding that (1) the legal description in the 1918 deed was not invalid due to vagueness or indefiniteness because it was clear the parties to the deed believed the land lot to be 160 acres,[6] (2) the proviso in the 1918 deed did not violate the rule against perpetuities because it was a penalty clause and not an option to purchase, and (3) Dellinger's interest in the property had not lapsed as he had paid taxes on the subject mineral rights for at least the past several years. Cartersville Ranch moved for reconsideration and for a ruling on its objections. Thereafter, the trial court issued an order sustaining the objections to the affidavits while denying Cartersville Ranch's motion for reconsideration, noting that it had not relied on the evidence contained in the affidavits in granting summary judgment to Dellinger. Cartersville Ranch appealed the trial court's grant of summary judgment to this Court and Dellinger filed a cross-appeal (Case No. S14X0274) challenging the evidentiary ruling excluding the affidavits.

<u>Case No. S14A0273</u>

---

[6] Although the trial court appears to have erroneously attributed the mineral rights descriptions contained in both the 1983 Executor's deed and the 1918 deed to the 1918 deed, this error in no way vitiates the trial court's findings with respect to the parties' knowledge of the acreage or its ruling with respect to the adequacy of the legal descriptions.

1. Cartersville Ranch first challenges the trial court's finding that Dellinger had a legally enforceable interest in the mineral rights reserved under the terms of the 1918 deed. Cartersville Ranch argues that because the 1983 Executor's Deed of Distribution conveyed to Dellinger the "mineral interest and mining privileges in 155 acres, more or less, of Lot 270," while this land lot actually contains 220 acres, the deed's conveyance of the mineral rights was too indefinite to be enforced. See Strickland v. CMCR Investments, LLC, 279 Ga. 112, 114 (610 SE2d 71) (2005) (a description of less than all of the acreage within a specified land lot is insufficiently definite to convey any particular acreage within the land lot); Brown v. Mitchell, 225 Ga. 115 (166 SE2d 571) (1969).

This argument, however, misconstrues the import of the 1983 Executor's Deed which merely served as a deed of assent for the estate of Dellinger's mother. See generally OCGA § 53-8-15.[7] Under Georgia law, Dellinger's interest in this property derived from his mother's will. See Phillips v. Phillips, 260 Ga. 265 (392 SE2d 523) (1990); Williams v. Williams, 236 Ga. 133, 135

---

[7] "The purpose of [a] deed of assent is to show to the recipient of the deed, and others, that all debts are paid and that [an] estate is settled." (Citations omitted.) Phillips v. Phillips, 260 Ga. 265 (392 SE2d 523) (1990).

(223 SE2d 109) (1976) (devisees have an inchoate title in realty which is perfected when the executor assents to the devise); Jimerson v. Republic Land & Investment Co., Inc., 234 Ga. App. 417 (506 SE2d 920) (1998).[8]  As the devisee under his mother's will, Dellinger obtained a legally protected interest in all of the property she owned at the time of her death, including the mineral rights reserved under the 1918 deed.[9]  See Allan v. Allan, 236 Ga. 199, 201-202 (223 SE2d 445) (1976); Hollberg v. Spalding County, 281 Ga. App. 768, 773 (637 SE2d 163) (2006).  See also Johnson v. Porter, 115 Ga. 401, 403-404 (41 SE 644) (1902) (the taking of a deed from the executor to only part of the land devised does not affect the rights of the devisee nor estop him or her from asserting a claim to the rest of the land).  Moreover, even if the 1983 Executor's

---

[8] When construing the devises in a will, the law at the time of the testator's death is the law to be applied. See Davis v. Parris, 289 Ga. 201 (710 SE2d 757) (2011).  Prior to 1998, Georgia law provided that upon the death of an owner of any estate in realty, title vested immediately in the heirs at law subject to administration of the estate by the legal representative.  See Former OCGA § 53-4-8 (a); former Ga. Code § 113-901; Morrison v. Stewart, 243 Ga. 456, 458 (254 SE2d 840) (1979).

[9] Cartersville Ranch pled, and Dellinger admitted, that upon the death of Dellinger's mother, her interest in the mineral rights became a part of her residual estate, fifty percent (50%) of which was devised to Dellinger outright, with the remaining fractional share devised to a trust for which Dellinger is trustee and sole beneficiary of the trust income.

Deed's conveyance of the mineral rights interest to Dellinger was ineffective,[10] Georgia law provides that title to all property of an estate remains vested in the executors for purposes of the estate's administration until its distribution. See OCGA § 53-8-15 (a). Thus, both as devisee of the property under his mother's will *and* as a co-executor of her estate, it is evident that Dellinger has a legally enforceable interest in the reserved mineral rights.

> Generally,
>
> a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Cox Enterprises, Inc. v. Nix, 274 Ga. 801, 803 (560 SE2d 650) (2002).

Cowart v. Widener, 287 Ga. 622, 623 (697 SE2d 779) (2010). Where a defendant "discharges this burden, the nonmoving party . . . must point to specific evidence giving rise to a triable issue." Id. (quoting Lau's Corp. v. Haskins, 261 Ga. 491, 491 (405 SE2d 474) (1991)). See OCGA § 9-11-56 (e). As Cartersville Ranch has failed to point to any evidence showing that anyone

---

[10] In addition to specifically identified properties, the 1983 Executor's Deed conveyed to Dellinger "any and all other real estate and interests therein owned by the said Evelyn Satterfield Dellinger at the time of her death."

other than Dellinger obtained an interest in the reserved mineral rights, or that Dellinger has not retained a legally enforceable interest therein, summary judgment in favor of Dellinger on this issue was appropriate.[11]

2. Cartersville Ranch next contends Dellinger was not entitled to summary judgment because the reservation of mineral rights in the 1918 deed violated the common law rule against perpetuities and was void ab initio. The rule against perpetuities operates to void unvested, contingent interests in real property when such interests are not guaranteed to vest within a specific time period.[12] See Walker v. Bogle, 244 Ga. 439, 440 (260 SE2d 338) (1979);

---

[11] Because Cartersville Ranch alleged in its pleadings that the reserved mineral rights passed via testamentary succession to Dellinger and that no person other than Dellinger had any interest in these rights, Dellinger was entitled to rely upon these admissions as establishing the facts so alleged with no additional proof needed. See Georgia-Pacific, LLC v. Fields, supra, 293 Ga. at 501. Moreover, even if Cartersville Ranch withdrew these admissions prior to the trial court's grant of summary judgment, it has failed to point to any evidence showing Dellinger did not acquire the mineral rights at issue by testate succession.

[12] In 1990, Georgia adopted the Uniform Statutory Rule Against Perpetuities, OCGA §§ 44-6-200 to 44-6-206, which repealed Georgia's former statutory expression of the rule set forth in OCGA § 44-6-1 but did not entirely supplant the common law rule. Although the rule no longer applies to nonvested property interests arising out of nondonative transfers such as this one, see OCGA § 44-6-204 (1), with respect to nonvested property interests created before May 1, 1990 which violated Georgia's rule against perpetuities applicable at the time the interest was created, the courts have been granted limited equitable powers of reformation to reform the disposition in a manner that most closely approximates the transferor's manifested plan of distribution within the limits of the rule against perpetuity in effect when the interest was created. See OCGA § 44-6-205 (b). See also, Scott v. South Trust Asset Management Co., 274 Ga. 523 (555 SE2d 732) (2001). For a more extensive

Landrum v. Nat. City Bank of Rome, 210 Ga. 316, 319 (80 SE2d 300) (1954). Cartersville Ranch argues that the proviso to the 1918 deed's mineral rights reservation stating that if the grantor or his assigns "desire to make and Maintain Mud dams, dumps, ponds or ditches upon the west half of said lot 270," the grantor and his heirs or assigns "shall pay [the grantee], his heirs or assigns, for the land so used for dumps, and dams, ponds or ditches at the rate of Thirty-five ($35.00) Dollars per acre," was a purchase option of indefinite duration in violation of the common law rule. See Rose v. Chandler, 247 Ga. 382 (279 SE2d 423) (1981) (perpetual option to purchase land is direct violation of the rule against perpetuities, although a perpetual lease or the perpetual right to renew a lease does not violate the rule). Cartersville Ranch further asserts the proviso is essential to the mineral rights reservation clause and that the entire mineral rights reservation thus is void under the doctrine of "infectious invalidity." See Thomas v. C & S Nat. Bank, 224 Ga. 572, 576 (163 SE2d 823) (1968).

Even assuming without deciding that the proviso was a purchase option

discussion of the rule, see Daniel F. Hinkel, Pindar's Georgia Real Estate Law & Procedure §§ 7:137 - 7:138 (7th ed. 2014).

11

which violated the rule against perpetuities,[13] we find no merit to Cartersville Ranch's argument that the entire reservation of mineral rights in the 1918 deed was void from its inception. In a similar case involving a 1910 deed, this Court found neither the deed itself nor the reservation of mineral rights therein was invalidated by the rule against perpetuities simply because an invalid purchase option allowing the grantor, her heirs and assigns to repurchase certain acres if needed for mining purposes was void. Milner v. Bivens, 255 Ga. 49 (335 SE2d 288) (1985). Compare Brown v. Mathis, 201 Ga. 740 (41 SE2d 137) (1947) (Mineral rights reservations clause for sand which additionally required payment for the sand extracted reserved only a privilege in, and not title to, the sand. As a result, the entire mineral reservation clause constituted a perpetual purchase option which violated the rule against perpetuities and was void ab initio.). The test is whether the invalid parts of the deed are so interwoven with those that are valid that the former may not be eliminated without interfering with or changing an essential part of the general scheme. See Milner, supra at 51; Thomas v. C & S Nat. Bank, supra at 576. See also Pindar's Georgia Real Estate Law &

---

[13]The trial court found the rule against perpetuities did not apply to the proviso which it deemed a penalty clause for sloppy mining, not involving an interest in land.

Procedure § 7:138 (7th ed.).

It is clear that the parties to the 1918 deed intended to convey to the grantee fee-simple title to the surface rights, with a reservation in the grantor of retained title to the mineral rights of the property.[14]  Accordingly, we find that the terms of the proviso (which only applied to the west half of the property in any event) are not essential to the mineral rights reservation under the deed, thus we decline to apply the doctrine of infectious invalidity in the manner urged by Cartersville Ranch.  See Walker v. Bogle, supra at 443 (where departure from dispositive scheme is slight, the doctrine of infectious invalidity will not be applied to invalidate remaining and more significant provisions).[15]  Moreover,

---

[14] "The intention of the parties as reflected by the instrument as a whole determines the nature of the interest conveyed. [Cits.]" Milner, supra at 51.

[15] It is undisputed that Cartersville Ranch purchased only the surface rights when it bought the subject property and that it was fully aware of the mineral rights reservation. Although not determinative on this issue, we additionally note that the December 9, 1985 indenture by which the property at issue was conveyed to Cartersville Ranch described the mineral rights reservation clause as follows:

> There is excepted from this conveyance of Land Lot 270 of the 5th District and 3rd Section of said county the ores, minerals, and mining rights, *and the right to use* the west part of Land Lot 270 for dumps and dams, ponds, and ditches as excepted and set out in deed of W. C. Satterfield, to L. L. Cline recorded in Deed Book WW page 326, Clerk's Office, Superior Court of Bartow County, Georgia, to which reference is hereby made.

(Emphasis supplied.)

we find Dellinger has requested, and under the facts presented would be entitled to, equitable reformation of the 1918 deed pursuant to OCGA § 44-6-205 (b). As a result, the trial court properly granted summary judgment in favor of Dellinger on this claim.

3. Finally, Cartersville Ranch asserts the trial court erred in granting summary judgment to Dellinger on its claim that the reserved mineral rights on the property had lapsed under OCGA § 44-5-168 (the Mineral Lapse Statute). OCGA § 44-5-168 (a) provides that the owner of real property in fee simple may gain title to mineral rights by adverse possession

> . . . if the owner of the mineral rights or his heirs or assigns have neither worked nor attempted to work the mineral rights nor paid any taxes due on them for a period of seven years since the date of the conveyance and for seven years immediately preceding the filing of [a] petition [for declaratory judgment].

This statute was enacted to serve the dual purpose of encouraging use of the state's mineral resources and the collection of taxes, while alternatively

encouraging the use of land free of interference by the holders of mineral rights who neither use nor pay taxes upon them. See Hayes v. Howell, 251 Ga. 580, 585 (308 SE2d 170) (1983). Here, Cartersville Ranch admits that Dellinger has for many years personally paid the ad valorem taxes on the mineral rights at issue. Nonetheless, it asserts it is entitled to gain title to these rights via the Mineral Lapse Statute because Dellinger failed to file a tax *return* on these rights and failed to correct errors in the Bartow County tax records which resulted in Dellinger's ad valorem tax payments on these mineral rights being credited to the George Satterfield Estate. See n. 5, supra. We disagree.

"Mineral rights are valuable property interests recognized and protected in this state. [Cit.]" Hayes, supra at 584. The Mineral Lapse Statute was not designed to itself divest the mineral owner of his rights; it only conditions the retention of those rights upon the requirements of either using them or paying taxes upon them for the public benefit. See id. On motion for summary judgment, mineral rights owners have the burden of establishing that there is no issue of fact with regard to the payment of taxes. See Dubbers-Albrecht v. Nathan, 257 Ga. 111 (356 SE2d 205) (1987). In this case, it is undisputed that Dellinger has paid the ad valorem taxes assessed on the mineral rights to *all* of

the subject property. Under Georgia law, it does not matter whether he paid these taxes as sole holder of the entire reserved mineral interest or as holder of an undivided partial interest in the mineral rights. See id. at 112 (holding owners of surface rights to property could not prevail on adverse possession claim under Mineral Lapse Statute if owner of undivided 1/64 interest in reserved mineral rights had paid ad valorem taxes on entire tract during seven-year period preceding suit). Because Dellinger actually paid ad valorem taxes on all the mineral rights reserved on the property owned by Cartersville Ranch in Land Lot 270, under the clear language of OCGA § 44-5-168, Cartersville Ranch could not prevail on its adverse possession claim, and Dellinger was entitled to summary judgment.

Case No. S14X0274

In this cross-appeal, Dellinger argues the superior court erred by excluding affidavits he submitted in support of his motion for summary judgment and in opposition to Cartersville Ranch's cross-motion for summary judgment. As this Court has affirmed the grant of summary judgment in favor of Dellinger in Case No. S14A0273, a decision in this cross-appeal would be of no benefit to the complaining party and is no longer warranted. See Gober v. Colonial Pipeline Co., 228 Ga. 668, 670 (187 SE2d 275) (1972). Accordingly,

16

the cross-appeal in this case has become moot and is dismissed.

Judgment affirmed in Case No. S14A0273. Appeal dismissed in Case No. S14X0274. All the Justices concur.

Decided May 19, 2014.

Title to land. Bartow Superior Court. Before Judge David K. Smith.

Jenkins & Bowen, Frank E. Jenkins III, Brandon L. Bowen, Sutherland, Asbill & Brennan, Lee C. Davis, W. Henry Parkman, for appellant.

William A. Neel, Jr., for appellees.